[No. 8295. Department Two. February 21, 1910.]

SOPHIA BECKMAN *et al.*, *Appellants*, v. HENRY BROMMER, *Administrator*, *Respondent*.[1]

APPEAL—PROCEEDINGS FOR TRANSFER—NOTICE—NECESSARY PARTIES. Upon appeal by heirs from an order of final distribution allowing an administrator's account, other heirs not joining in the appeal, who appeared at the hearing and filed exceptions to the account, are necessary parties upon whom notice of appeal must be served or the appeal will be dismissed, under Rem. & Bal. Code, § 1720.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered February 25, 1909, in favor of an administrator, upon final accounting and distribution. Appeal dismissed.

*R. M. Dye* and *L. Davies*, for appellants.

*H. J. Hibschman* and *Merritt, Oswald & Merritt*, for repondent.

CROW, J.—On March 14, 1908, Henry Brommer, administrator of the estate of Peter Haak, deceased, filed in the superior court of Lincoln county his final report and petition for distribution. Thereupon appellants, Sophia Beckman and seven others, as heirs at law of the decedent, filed written exceptions to the report, objecting to the allowance of certain credits claimed by the administrator. Like exceptions were filed by other heirs. On final hearing, the exceptions were all overruled, and an order was entered approving the report and directing a final distribution. From that order this appeal is prosecuted.

The respondent administrator has moved this court to dismiss the appeal, for the reason that the appellants have failed to serve any notice of appeal on Johann H. Haak, Margaretha Haak, and Mathilda Pate, heirs at law of the decedent. The record shows that written exceptions to the

[1]Reported in 107 Pac. 190.

final report were filed by the heirs last named, that they appeared by their attorney on the final hearing, and that no notice of appeal has been served upon them, or any of them. Section 1720, Rem. & Bal. Code, provides that:

"All parties whose interests are similarly affected by any judgment or order appealed from may join in the notice of appeal whether it be given at the time when such judgment or order is rendered or made, or subsequently; and any such party who has not joined in the notice may at any time within ten days after the notice is given or served, serve an independent notice of like appeal, or join in the appeal already taken by filing with the clerk of the superior court a statement that he joins therein or in some part thereof, specifying in what part. Any such party who does not so join shall not derive any benefit from the appeal unless from the necessity of the case; nor can he independently appeal from any judgment or order already appealed from, more than ten days after service upon him of written notice of the former appeal, unless such former appeal be afterwards dismissed. . . . When the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served in the manner required by law for the service of papers in civil actions and proceedings, upon all parties who have appeared in the action or proceeding."

The evident intention of this section is, (1) to guarantee an appeal to all parties similarly situated; (2) to avoid separate appeals, bringing a cause to this court by piecemeal; (3) to compel aggrieved parties to prosecute their joint and several appeals at one and the same time; and (4) to accomplish these results by requiring all such parties who have appeared to be served with notice of appeal. Otherwise, one aggrieved party might, by his own diligence aided by that of the respondent, perfect an appeal and cause the same to be heard in this court before the time had expired within which other parties similarly situated would be entitled to serve their notices of appeal.

For the want of proper service, and under repeated de-

cisions of this court, this appeal will have to be dismissed. Our present holding is not inconsistent with the rule announced in *Sipes v. Puget Sound Elec. R. Co.*, 50 Wash. 585, 97 Pac. 723. In that case, although notice of appeal had not been served upon the defendant Dimmock who had appeared, the record disclosed judgment had been entered in his favor. He had not been aggrieved, nor could he prosecute an original or a cross-appeal. We there said:

"Dimmock was a successful litigant. There was no order from which he could appeal, and we fail to understand how the neglect to serve him with appellant's notice deprived any party of benefits to be derived from the appeal, or prevented the respondent from perfecting an appeal in his own behalf against the defendant Dimmock. While it is true that § 6504 directs that service be made upon all parties who have appeared, it is apparent that the sole purpose of such notice to appearing parties, other than the prevailing one mentioned in § 6503, was that in the event of their having an interest in the appeal, they might join therein, if they so desired. In other words, the object of the statute was to require all interested parties to jointly prosecute their appeals and cross-appeals instead of bringing them to this court by piecemeal."

Here the appearing heirs at law were unsuccessful litigants, were all aggrieved by the final judgment, and were entitled to either an original or a cross-appeal. The reason and necessity for serving them existed, and such service should have been made. The appeal is dismissed.

RUDKIN, C. J., MOUNT, DUNBAR, and PARKER, JJ., concur.