[No. 9203.   Department Two.   November 17, 1910.]

ROBERTSON MORTGAGE COMPANY, *Respondent*, v. W. H. B. THOMAS *et al.*, *Appellants.*[1]

APPEARANCE—WHAT CONSTITUTES—STIPULATIONS. A stipulation by defendants allowing the amendment of the complaint is a general appearance.

APPEAL—NOTICE—SERVICE ON CO-PARTIES—APPEARANCE — NOTICE. Defendants joining in a stipulation by all the defendants cannot urge ignorance of the appearance of other defendants as an excuse for failing to serve notice of appeal upon all the appearing defendants.

APPEAL—NOTICE—SERVICE ON CO-PARTIES—DEFAULTING DEFENDANTS. Defendants in a mortgage foreclosure, alleged to have an interest in the premises, and who appeared by a stipulation and defaulted,

[1] Reported in 111 Pac. 795.

are necessary parties to an appeal by co-defendants, under Rem. & Bal. Code, § 1720, and if not served the appeal will be dismissed; since they could, although in default, raise jurisdictional questions in the appellate court, and are presumed to be affected by the appeal.

Motion to dismiss an appeal from a judgment of the superior court for King county, Neal, J., entered March 12, 1910, in favor of the plaintiff, in an action to foreclose a mortgage. Granted.

*Shepard & Flett* and *Brady & Rummens*, for appellants.

*John T. Mulligan* and *E. W. Howell*, for respondent.

DUNBAR, J.—This is a motion to dismiss an appeal for the reason, among others, that none of the appellants have served, or caused to be served, any notice of appeal upon all the parties or their attorneys of record. The action was to foreclose a mortgage by the Robertson Mortgage Company, against the Magnolia Heights Company, a corporation, L. E. Campbell, Whiton Hardware Company, a corporation, Robert Pettigrew, E. P. Jessup, and Jane Doe Jessup, his wife, Edward Connor and Mary Doe Connor, his wife, W. H. B. Thomas and Jane Doe Thomas, his wife, and the Westmoreland Company, a corporation. There was a judgment of foreclosure and a judgment barring all the defendants from asserting any claim to the land privileged other than was specified in the judgment. The parties had all appeared. The record shows that Edward Connor, Mary Doe Connor, E. P. Jessup and Jane Doe Jessup, defendants, were not served with notice of appeal, hence this motion to dismiss.

The complaint contained the ordinary allegation that the defendants claimed liens or interest in the said mortgaged property, the exact nature and extent of which to the plaintiff was unknown, but which the plaintiff alleged to be subsequent and subordinate to its interest. An affidavit is filed by attorney for appellants Thomas et al., that he had examined the record and that it did not appear that an appearance had been made by these unserved defendants aforesaid, and that

that was the reason why they were not served. But the court finds in its decree, and also in its findings of fact, that these defendants appeared and that their defaults were entered. There also appears upon the record a stipulation by all the defendants, the unserved defendants appearing by Peters & Powell, their attorneys, and the appellants appearing by their attorneys Shepard & Flett. This stipulation was to the effect that the plaintiff be permitted to amend its complaint by interlineation in the original complaint. It was the duty of the appellants to take notice of this appearance by stipulation as it was a general appearance in the case, and they cannot now urge want of knowledge of which they complain.

It is unnecessary to review all the decisions of this court on the question involved. The authorities were all collated in *Sipes v. Puget Sound Elec. R. Co.*, 50 Wash. 585, 97 Pac. 723, and there it was held that the motion to dismiss, because one Dimmock, who had been a party to the action and who had appeared and defended the action, had not joined in the appeal and had not been served, could not be sustained. The motion to dismiss was on the ground that the court had no jurisdiction, for the reason that the said Dimmock had not been served, and that therein there was a failure to comply with Rem. & Bal. Code, § 1720, which provides that, when the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served upon all parties who have appeared in the action or proceeding. The rule theretofore announced by this court was somewhat modified in this decision, and it was held, in effect, that it was the object of the law to enforce notice of appeal on parties who could appeal or join in an appeal, and whose rights would or might be affected by some action which the appellate court might take; but that, inasmuch as Dimmock could not appeal, for the reason that he had prevailed in the court below and that there was no judgment against him, the motion to dismiss could not prevail. But that is not the case here. Jessup and wife and Connor and wife did not prevail in the ac-

tion below. On the contrary, they were barred by the judgment of all interest which they might have, and under the allegations of the complaint, some interest is claimed by them. It is true that it might be reasonable to suppose that, not having appeared to urge their defense to this action, they had none. But it will not do to lay down the rule that we will have to investigate the merits of a case to determine the litigant's right of appeal, or to determine what question he might or might not raise on appeal. We can look no further than to determine (1) whether he was a party to the action appearing in the case, and (2) whether he is entitled to an appeal. If these two conditions concur, it must be presumed that he is affected by the judgment; whether wrongfully affected, must be determined on the appeal. A party defendant to an action has a right to rely upon a defense which he may choose to make in the appellate court; and while there are certain defenses of which he might be debarred by not urging them in the trial court, the jurisdiction of the court and the question that the complaint did not state a cause of action against him are always left to him in this court.

The parties, then, having appeared in the action and having a right of appeal, and not having been served with notice of appeal, for reasons stated too many times by this court to need a repetition, the motion to dismiss and affirm will be sustained. This renders unnecessary a discussion of the other questions presented.

Rudkin, C. J., Chadwick, Crow, and Morris, JJ., concur.