[No. 9495.  Department Two.  May 3, 1911.]

ROBERTSON MORTGAGE COMPANY, *Respondent*, v.
W. H. B. THOMAS *et al.*, *Appellants*.[1]

APPEAL — SERVICE OF NOTICE — PARTIES — ASSIGNEE OF PARTY.
Where the assignee of one of the defendants was adjudged entitled
to a deed of one of the lots involved, he became a party to the suit,
upon whom notice of appeal must be served.

APPEAL—SERVICE OF NOTICE—PARTIES—PURCHASER AT SHERIFF'S
SALE.  A purchaser at a sheriff's sale of property becomes a party
of record, upon whom notice of appeal must be served.

APPEAL—DISMISSAL—MOTION—AFFIDAVIT — SERVICE.  An affidavit
not served at the time of the argument of a motion to dismiss an
appeal will not be considered.

SAME—SUFFICIENCY OF AFFIDAVIT.  An affidavit that a party re-
ceived notice of the appeal does not show such service of the notice
as is required to give jurisdiction of the appeal.

APPEAL—BOND—NECESSITY.  Failure of parties joining in an ap-
peal to give a separate appeal bond within five days is fatal to their
appeal.

Appeal from an order of the superior court for King
county, Gilliam, J., entered November 16, 1910, confirming a
sheriff's sale on the foreclosure of a mortgage.  Appeal dis-
missed.

*Shepard & Flett* and *Brady & Rummens*, for appellants.
*John T. Condon*, for respondent.

PER CURIAM.—Motion to dismiss appeal and affirm order
appealed from.  The order involved in the appeal is one con-
firming the sale by the sheriff of property under a decree of
foreclosure of mortgage, and is made upon three grounds:
(1) That no notice of appeal was served on E. W. Howell;
(2) that no notice of appeal was served on F. E. Green; and
(3) that appellant Dobson, Connor, Gay, and Harley, did
not serve or file any appeal bond within the time required by

[1]Reported in 115 Pac. 312.

law.  We will notice these contentions in their order.

E. W. Howell was not made a party defendant in the foreclosure proceedings.  The court, however, in its decree adjudged him to be entitled to a deed to one of the lots involved in the foreclosure, as assignee of L. E. Campbell, one of the defendants.  He thereby became a party to the judgment, and as such there can be no escape from holding that he should have been served with notice of the appeal.  He was not so served, and under the established rule of this court, the appeal is, because of such failure, ineffectual for any purpose.

F. E. Green was a purchaser at the sheriff's sale of a portion of the involved property, and as such purchaser, became a party to the record, entitling him to service of notice of appeal, as his interest might have been adverse to that of the other parties to the judgment.  He was not so served, and such failure is a fatal defect, invalidating the appeal. *McDonald v. Citizens' Nat. Bank*, 58 Kan. 161, 49 Pac. 595; *Pope v. Amidon*, 6 Kan. App. 398; *Clarkson v. Read*, 15 Gratt. 288; *Requa v. Rea*, 2 Paige Ch. 339; *Wood v. Mann*, 3 Sumner 318; Henderson, Chancery Practice, § 618; Daniell, Chancery Pleading & Practice (6th Am. ed.), p. 1462.

An affidavit is attempted to be filed, in which this party is made to say that he received notice of the appeal.  The affidavit was not served at the time of argument, and hence may not be considered; but even if it could be given effect, it does not comply with the statute.  He may have received notice of the appeal in many ways.  The statute, however, is only complied with by the formal service of notice upon all parties who are entitled thereto.

Appellants Dobson, Connor, Gay, and Harley joined in the notice of appeal given by the other appellants, on December 12, 1910, but gave no bond until after the motion to dismiss had been made, and some four months after notice.  This was fatal to their appeal.  They could not rely upon the bond as given by the original appellants, and should have given a

separate bond within the five days required by statute. *Stans v. Baitey*, 9 Wash. 115, 37 Pac. 316; *Hopkins v. Satsop R. Co.*, 18 Wash. 679, 52 Pac. 349.

The motion, being well taken, is granted, the appeal is dismissed, and the order appealed from affirmed.