[No. 10158. Department One. February 2, 1912.]

JOHN A. SODERBERG et al., *Respondents*, v. A. C. McRAE
et al., *Appellants*.[1]

APPEAL—NOTICE OF APPEAL — PARTIES — DISCLAIMER OF INTEREST.
Upon appeal from a judgment in an action to quiet title, defendants
who appeared and filed an answer amounting to a disclaimer ask-
ing no costs or relief, and setting up no title or interest as required
by Rem. & Bal. Code, § 794, are not necessary parties to the appeal
upon whom notice of appeal need be served, where they ceased to
have any interest in the controversy, were treated as if in default
in all subsequent proceedings, and were not mentioned in the decree
except in the caption.

[1]Reported in 120 Pac. 878.

Motion to dismiss an appeal from a judgment of the superior court for San Juan county, Joiner, J., entered October 3, 1911, in favor of the plaintiffs, in an action to quiet title. Denied.

*James Kiefer* and *R. E. Morris,* for appellants.

*Shank & Smith,* for respondents.

Crow, J.—Action by John A. Soderberg and Martha Soderberg, his wife, against Puget Sound Portland Cement Company, a corporation, M. H. Walter, A. J. Tennant, Richard A. Ballinger, Orcas Lime Company, a corporation, A. C. McRae, Mary E. McRae, his wife, and Pacific Coast Portland Cement Company, a corporation, to quiet title to real estate in San Juan county. From a decree in the plaintiffs' favor, the defendants A. C. McRae, Mary E. McRae, and Pacific Coast Portland Cement Company have appealed.

The respondents have moved to dismiss for the reason that no notice of appeal has been served upon the defendants A. J. Tennant and Richard A. Ballinger, who had appeared herein. The motion is before us on a short record, undisputed affidavits, and agreed statements of counsel made upon the oral argument. It is conceded that the action was commenced to quiet title, and that the only allegation of the complaint relative to Tennant and Ballinger was that they were trustees of the defendant Puget Sound Portland Cement Company, a corporation alleged to have been dissolved. No allegation was made that they held any possession, interest, or title in or to the real estate. No return of service upon them was filed. The defendant Orcas Lime Company, appearing by James Kiefer, its attorney, filed its separate answer. The defendants A. C. McRae, Mary E. McRae and Pacific Coast Portland Cement Company, appearing by the same attorney, filed their separate answer. In March, 1911, respondents served notice of the taking of depositions upon the defendants represented by Mr. Kiefer, but made no service upon Tennant and Ballinger or either of them.

The cause was tried on April 12, 1911.   At some time on that date, Tennant and Ballinger, without the knowledge of appellants, filed an answer, the clerk's filing fee being paid by respondents.   This answer, which was not verified, contained admissions of certain allegations of the complaint, but denied others for want of knowledge or information sufficient to form a belief as to their truth or falsity.   No affirmative defense was pleaded; nor did the answer contain any prayer for dismissal, for costs, or for any relief whatever.   Tennant and Ballinger, and their counsel who signed the answer, each and all of them, were absent from the trial, which proceeded without their participation.   A. J. Tennant died testate in August, 1911, but his death was not suggested to the trial court, nor was his executrix substituted as a party defendant. Defendants caused the final decree to be entered on October 3, 1911, after his death, and the notice of appeal was served on November 21, 1911.   The decree mentions the names of Tennant and Ballinger in its caption only.   It adjudges respondents to be the beneficial owners of the land, appoints a commissioner to convey to them, and awards them costs against A. C. McRae, Mary E. McRae and the Pacific Coast Portland Cement Company.   No costs were awarded to or against Tennant or Ballinger.   A proposed statement of facts was filed by appellants, and certified by the trial judge. It is conceded that it recites appearances as follows:  "The plaintiff John A. Soderberg appeared in person and by Corwin S. Shank and H. C. Belt, his attorneys; the defendants A. C. McRae and wife and Pacific Coast Portland Cement Company by R. E. Morris and James Kiefer, their attorneys, and the defendant Orcas Lime Company by James Kiefer, its attorney."   No other appearances are mentioned. In January, 1912, when appellants learned that Tennant and Ballinger had appeared by answer, they procured and filed a disclaimer, which, omitting the title of the cause, reads as follows:

"The undersigned Richard A. Ballinger, one of the de-

fendants in the above entitled cause, and Sine I. Tennant, executrix of the last will and testament of and sole devisee in the last will and testament of A. J. Tennant, who departed this life on the 19th day of August, 1911, hereby waivé the right of appeal in the above entitled cause, and service of notice of appeal and filing of statements of facts and disclaim and waive all interest in the subject-matter of the above entitled cause, with the same force and effect as of the date of decree.

"Dated this 11th day of January, A. D., 1912.
                    "Richard A. Ballinger,
                    "Sine I. Tennant, as executrix and sole devisee of the last will and testament of A. J. Tennant, deceased."

We attach no importance to this instrument, further than its indication that Tennant and Ballinger themselves construed their answer to be a disclaimer. On the argument, it was conceded that neither the appellants nor their attorneys, at any time prior to January 11, 1912, had knowledge or notice of the answer or appearance of Tennant and Ballinger, or of any service upon them.

Respondents, in support of their motion, cite the following cases: *State v. Seaton*, 26 Wash. 305, 66 Pac. 397; *First Nat. Bank v. Gordon Hardware Co.*, 31 Wash. 682, 72 Pac. 464; *Wax v. Northern Pac. R. Co.*, 32 Wash. 210, 73 Pac. 380; *O'Connor v. Lighthizer*, 34 Wash. 152, 75 Pac. 643; *Davis v. Tacoma R. & Power Co.*, 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 802; *Willard v. Fisher*, 36 Wash. 229, 78 Pac. 917; *Sipes v. Puget Sound Elec. R. Co.*, 50 Wash. 585, 97 Pac. 723; *Beckman v. Brommer*, 57 Wash. 436, 107 Pac. 190; *Robertson Mtg. Co. v. Thomas*, 60 Wash. 514, 111 Pac. 795; *Robertson Mtg. Co. v. Thomas*, 63 Wash. 316, 115 Pac. 312.

We have stated the facts and the proceedings with much detail to show their dissimilarity from those in any of the cases cited. The only cases from which the right to an order of dismissal herein could by any possibility be inferred are

*Robertson Mtg. Co. v. Thomas*, 60 Wash. 514, 111 Pac. 795, and *Robertson Mtg. Co. v. Thomas*, 63 Wash. 316, 115 Pac. 312, both arising from the same action. We have examined the final decree there entered and find that the names of the defendants who had appeared, but were not served with notice of appeal, were specifically mentioned in the decree itself, and that they were parties thereto. We conclude, for reasons hereinafter stated, that the defendants Tennant and Ballinger were at no time entitled to prosecute an appeal from the final decree. This is an action to quiet title. The respondents claiming the real estate made Tennant and Ballinger parties defendant. If Tennant and Ballinger, who were not in possession, held or claimed any interest, lien or title in or to the real estate, the duty devolved upon them, under Rem. & Bal. Code, § 794, to plead the same. Failing to do so, they could either default or appear and disclaim. They appeared, but their answer amounted to a disclaimer, and thereafter they ceased to have any interest in the controversy. They failed to plead any title, interest, or possession in themselves, and under § 794, *supra*, could offer no evidence thereof. This being true the demands of their answer amounted to a disclaimer only. We therefore conclude that appellants' failure to serve them with notice of appeal was not a fatal omission. It is apparent that appellants have served all defendants who to their knowledge had appeared, and all who have any possible interest; that in so doing they brought before this court all parties necessary to a determination of any issue that can be raised upon the appeal, and that no party has been deprived of his right to an original appeal or a cross-appeal. This being true it would require too harsh a construction of the appeal statute to hold the notice defective for want of service upon the defendants Tennant and Ballinger. The motion to dismiss is denied.

DUNBAR, C. J., PARKER, CHADWICK, and GOSE, JJ., concur.