[No. 11874. Department One. August 15, 1914.]

FREDERIC H. McKAY, *Appellant*, v. JOHN J. STEPHENS *et al.*, *Respondents.*[1]

APPEAL—NOTICE OF APPEAL—NECESSARY PARTIES. Upon appeal from a judgment dismissing the petition of contestants of a will, co-contestants not joining in the appeal, but who appeared in the trial court and had a direct interest in the controversy, are necessary parties upon whom notice of appeal must be served, under Rem. & Bal. Code, § 1720.

SAME—NOTICE OF APPEAL—WAIVER—EFFECT. The failure of a will contestant to serve notice of appeal on co-contestants not joining in the appeal, who were necessary parties, is not cured by a waiver of appeal filed long after the time for appeal or the joining in appeal, nor by affidavits setting forth a verbal stipulation between attorneys of record for different contestants that appellant might prosecute an appeal without the necessity of serving notice upon the co-contestants.

Appeal from a judgment of the superior court for Whitman county, Miller, J., entered June 17, 1913, upon findings in favor of the defendants, in a will contest, tried to the court. Appeal dismissed.

*Wakefield & Witherspoon, A. C. Shaw* and *J. N. Pickrell,* for appellant.

*W. W. Hindman* and *E. W. Wagner,* for respondents.

[1]Reported in 142 Pac. 662.

ELLIS, J.—The respondents have moved to dismiss this appeal. The facts material to the motion are as follows: On June 16, 1910, Ralph Comegys, one of the executors named therein, filed, in the office of the clerk of the superior court of Whitman county, a will of Frank Rider, deceased, dated May 6, 1909, with a first codicil thereto, dated December 29, 1909, and a second codicil dated April 26, 1910, and with it a petition for the admission of that will and the codicils to probate. On the same day, Frederic H. McKay, named as executor in another will of the deceased, which was dated April 12, 1910, filed that will and with it his petition that it be admitted to probate. The court, on June 16, 1910, set, as the date of hearing of both petitions, July 1, 1910. At that time, formal proof of the execution of both wills was taken, and thereafter, on July 13, 1910, the will and codicils first above mentioned were admitted to probate as the last will and testament of the deceased.

On July 11, 1911, the Ladies' Benevolent Society of Spokane Falls, the Maria Beard Deaconess Home, a corporation, and Frederic H. McKay, devisees under the will of April 12, 1910, filed their petition in the nature of a contest of the first mentioned will, seeking to revoke its probate and the admission of the last mentioned will to probate in its stead. This petition was signed by J. N. Pickrell, Will G. Graves, H. M. Stephens, and Wakefield & Witherspoon, as attorneys for the petitioners. On March 21, 1913, the cause was brought on for trial. After a lengthy trial, the court, on June 13, 1913, made findings of fact and conclusions of law in favor of the contestees, and on June 17, 1913, entered a decree dismissing the petition of the contestants. On September 5, 1913, the contestant McKay alone gave notice of an appeal to this court. That notice was served upon the contestees John J. Stephens, H. M. Roberts, and Ralph Comegys by delivery of a copy thereof to E. W. Wagner, one of their attorneys, which service is evidenced by his acceptance of service dated September 5, 1913. No service of any kind was ever made upon any

of the other parties to the proceeding.   Neither the Ladies
Benevolent Society of Spokane Falls, nor the Maria Beard
Deaconess Home, was served with notice of appeal or joined
in the appeal, or gave any independent notice of appeal.   They
were parties to the proceeding, appeared in the trial court
and had a direct interest in the controversy which they there
asserted.   Judgment was entered against them, and their in-
terests must be affected by any action this court could take if
it entertained the appeal of their co-contestant, McKay.   Serv-
ice upon them of notice of that appeal was therefore requisite
to our jurisdiction of the appeal.   Rem. & Bal. Code, § 1720
(P. C. 81 § 1191).   *Long Bell Lumber Co. v. Gaston,* 78
Wash. 598, 139 Pac. 641.

On July 6, 1914, two days before the hearing in this court,
there were filed in this court certain affidavits.   One was an
affidavit of Will G. Graves, to the effect that he dimly recol-
lects entering an appearance for the firm of which he is a
member, in a will contest proceeding in the superior court of
Whitman county, which he thinks is this action; that his recol-
lection is that his appearance was on behalf of the Ladies
Benevolent Society; that, whatever the fact, neither he nor his
firm had any further connection with the trial, it being under-
stood that the firm of Wakefield & Witherspoon should have
entire charge of the proceedings and that it would be un-
necessary for notice of any of the proceedings to be served
upon the affiant or any member of his firm, and that the facts,
as he remembers them, are similar to those stated in the af-
fidavit of H. M. Stephens in relation to the action.   The other
was an affidavit of H. M. Stephens to the effect that, on the
filing of the original and amended petition to contest the will
of Frank Rider, deceased, he was attorney of record for the
Ladies Benevolent Society of Spokane Falls, a corporation;
that it was then agreed between Messrs. Wakefield & Wither-
spoon, attorneys for Frederic H. McKay and affiant, as at-
torney for the Ladies Benevolent Society, that it would not
actively participate in the contest, otherwise than, being one

of the beneficiaries under the will, it would join in initiating the contest in conjunction with McKay, but not otherwise; that the proceedings and expenses were to be taken and borne by McKay; that, if successful, it would bear its part of the expense, but that if unsuccessful, it would not further participate or bear any of the expense; that affiant took no part in the contest other than to enter his appearance; that the proceedings were to be under the exclusive control of Wakefield & Witherspoon, attorneys for McKay; that, if he desired to do so, McKay might appeal without the necessity of serving upon the society, or upon affiant, as its attorney, any notice of appeal, or connecting the society or its attorney with the appeal to the supreme court; that it was agreed that notice of appeal would be waived by the society and by affiant; that the society was represented in all proceedings by Messrs. Wakefield & Witherspoon; that pursuant to the agreement, affiant has filed, in behalf of the society, in this court, a waiver of notice of appeal.

The above mentioned waiver, signed by H. M. Stephens as attorney for the Ladies Benevolent Society of Spokane Falls, "at the initiation of the contest but not otherwise," was filed in this court on July 6, 1914. The waiver is, of course, a nullity, and of no curative effect. It was filed only two days before the hearing of the appeal in this court, more than a year after the rendition of the judgment appealed from, and long after the time for an appeal or a joining in the appeal had expired. If the Ladies Benevolent Society could now, with any effect, waive notice of appeal, it must be because it has not lost its right to appeal by lapse of time. By the clear terms of the statute, it had lost that right; hence, at the time of its waiver, it had nothing to waive.

Nor are the affidavits in question more effective. They merely set forth, in vague and uncertain terms, a verbal stipulation (hence legally binding on no one) between the attorneys of record for different contestants, waiving in advance the jurisdictional steps in the appeal. Even so, the other

appearing contestant, Maria Beard Deaconess Home, a corporation, is left wholly unaccounted for. Our right to take jurisdiction on appeal is fixed by statute, and can only be invoked by an observance of the statute. It cannot be conferred by stipulation, however formal, much less by a vague verbal understanding between litigants years in advance. To indulge such a course would be unwarranted in law and unwise in practice. It would render the statute nugatory, and would lead to uncertainty, confusion, and needless controversies, intolerably exasperating alike to court, counsel, the members of the bar generally, and to litigants.

Disregarding these affidavits, as we must, this case falls directly within our decision in *Beckman v. Brommer*, 57 Wash. 436, 107 Pac. 190, both upon the law and the facts. We there said:

"Here the appearing heirs at law were unsuccessful litigants, were all aggrieved by the final judgment, and were entitled to either an original or a cross-appeal. The reason and necessity for serving them existed, and such service should have been made."

See, also, *Robertson Mortgage Co. v. Thomas*, 63 Wash. 316, 115 Pac. 312; *Robertson Mortgage Co. v. Thomas*, 60 Wash. 514, 111 Pac. 795, and especially *Long Bell Lumber Co. v. Gaston*, above cited, for an exhaustive discussion of our statute and a discriminating review of our decisions construing it.

The appeal is dismissed.

CROW, C. J., MAIN, GOSE, and PARKER, JJ., concur.