[No. 13578. Department Two. February 26, 1917.]

*In the Matter of the Estate of* PEDER A. MYHREN.

HELEN A. MYHREN, *as Executrix of the Estate of Albert P. Myhren, Appellant,* v. MARIA MYHREN, *as Executrix of the Estate of Peder A. Myhren, Respondent.*[1]

APPEARANCE—STATUTES. Rem. Code, § 241, providing that a party appears in an action when he answers, demurs or gives written notice, etc., has no application to a proceeding in probate for the construction of a will where parties are present and represented at the hearing in answer to a citation.

APPEAL—REQUISITES—NOTICE OF APPEAL — COPARTIES. Where a decree construing a will limited it to the community interest of the testator, holding that the widow was not required to make an election, legatees whose interests were thereby reduced and who appeared to the citation, and were represented in court at the hearing, are indispensable parties to an appeal from the decree.

SAME. Under Rem. Code, § 1720, a notice of appeal by one of the parties affected must be served upon coparties who appeared below, notwithstanding such coparties would be benefited by a reversal of the judgment.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered March 10, 1916, upon

[1] Reported in 163 Pac. 388.

findings in favor of the defendant, in an action to construe a will, tried to the court. Appeal dismissed.

*McCarthy, Edge & Davis* and *W. G. Boland,* for appellant.
*Carl W. Swanson* and *C. E. Ellis,* for respondent.

WEBSTER, J.—This is an appeal from a decree in probate construing the last will and testament of Peder A. Myhren, deceased. Respondent moves to dismiss the appeal. The pertinent facts are these: The testator was survived by his widow and executrix, Maria Myhren, and five adult children, viz., Edward Myhren, Elsie Myhren, Bertilde Erdman *nee* Myhren, Martin Myhren an incompetent person, who was represented in the proceeding by his guardian *ad litem* C. E. Ellis, and Albert P. Myhren, who subsequently died, leaving as his survivors his widow and executrix, Helen A. Myhren, and a minor daughter, Doris Myhren, who was represented by her guardian *ad litem* Joseph McCarthy. All of the five above named adult children are named as beneficiaries in the will. The estate consists wholly of community property. The provisions of the will which need be noticed are as follows:

"(2) I hereby give, devise, and bequeath the following described tracts of land:—Lots 4 and 5 of Weger's sub-division of the southwest ¼ of sec. 10 in township 24 N., of range 43 E. W. M., also beginning at a point on the section line 1438 feet west of the ¼ sec. corner, between sections 10 and 15, township 24, N. range 43 E. W. M., thence west 522 feet to the county road; thence northwesterly along the said county road to the line between the north ½ and the south ½ of the southwest ¼ of sec. 10; thence east on said line 1,005 feet; and thence south parallel to the north and south center line of the said section to the place of beginning, containing 45 acres more or less, and being the farm and home at which I am residing at the present time, together with all the personal property which I may have and own at the time of my death, and all title thereto, to my dear and beloved wife Maria Myhren for her life, subject, however, to the following conditions, namely; that the said farm and home shall

not be sold during her life, and that in event of sale the proceeds thereof shall be distributed as provided in paragraph three of this will, and further provided that she shall pay out of my estate, and the profits and accumulations thereof, all the legitimate and necessary living expenses of each and all of my children, hereinafter named, who shall live and reside with her during her life on the said farm and render their services for the use and benefit of my estate; and the remainder over of my said estate shall go to my son Albert subject to and upon the following conditions (1) that he shall pay to each of the following named of my children, namely, Edward, Bertilde, and Elise the sum of two hundred and fifty dollars, within one year after the date of the death of my wife, and in case that my wife does not survive me, then within one year after the date of my death, and the said bequests shall be a lien on the said remainder from the date on which the years time of payment begins to run and until paid; (2) provided further that my said son Albert shall keep and have residing with him, and provide all the necessaries of life for my son Martin during the life of the latter, said Martin being unable and incompetent to care and provide for himself, and in the event of failure of the said Albert to so provide for him, or in the event of death of said Albert during the life of said Martin, then, and in either of said events, one-half of said real estate remainder hereby devised to the said Albert shall immediately go to and vest in the said Martin, and shall be controlled and managed by his guardian hereinafter named.

"(3) In the event that upon my death my executors and all parties interested and concerned in my estate shall deem it best to sell and dispose of all the property and convert the same into money, then, and in that event, one-half of the said money shall go to my wife Maria Myhren; one-fourth of said money shall go to my son Albert; and the remaining one-fourth shall be equally distributed among the following of my children, namely, Edward, Bertilde, and Elise, share and share alike. In the event that my wife does not survive me, then three-eighths of said money shall go to my son Albert, and three-eighths to my son Martin; and the remaining one-fourth shall be distributed equally among the following of my children, Edward, Bertilde, and Elise, share and share alike."

During the course of administration of the estate, Maria Myhren, the widow and executrix of Peder A. Myhren, filed in the probate proceeding a petition setting forth that the estate could not be distributed until the will had been construed by the court; and in her individual right asserted that the will should be construed as operating only upon the community interest of the testator in and to the property described in the will, and that she was the owner in fee of her community interest in the property, free from the operation of the provisions of the will. The questions presented by the petition were whether the testator had undertaken by his will to dispose of the entire community property as though it were his separate estate; and, if so, whether the widow was put to an election between her right under the law to her community interest in the property and her rights as beneficiary under the will. Upon the filing of the petition, the court made and entered an order fixing a time for hearing the same, and directed that a citation issue and be served upon all of the above named parties. The citation was in the form prescribed by Rem. Code, § 1281, and was duly served on all the parties as directed by the court. At the time designated for the hearing, all of the parties were present in court, either in person or by counsel or both, the hearing was duly had, and thereafter the court made findings of fact and conclusions of law, and entered a decree to the effect that the will of Peder A. Myhren operated only upon his community interest in the property and that the widow was not required to elect. The decree contains the following recital of jurisdictional facts:

"This matter came regularly on for hearing on the 14th day of January, 1916, on petition of Maria Myhren, one of the executors named in the said will, she also being the widow of the above deceased. The said Maria Myhren, executrix and widow of said deceased, appeared in person and by the attorney in said estate, Carl W. Swanson, and Martin Myhren appeared in person and by his guardian *ad litem*, C. E. Ellis, an attorney at law heretofore appointed as

guardian *ad litem* for said Martin for the purpose of this hearing, and Doris Myhren, the minor child of Albert Myhren, deceased, appeared by her guardian *ad litem*, Joseph McCarthy, heretofore appointed guardian *ad litem* for said minor for the purpose of this hearing.

"That all of the legatees named in said will, and the said minor and Ellen Myhren, widow of Albert Myhren, deceased, were duly served with an order from this court to appear on said day for said hearing, and that each and all of the parties, legatees and heirs at law of Peder A. Myhren, deceased, were present in court, and Ellen Myhren, widow of said Albert Myhren, deceased, was present in court and was represented by her attorneys McCarthy, Edge & Davis."

Appellant, as the executrix of the will of Albert Myhren, deceased, not being satisfied with the decree, thereafter caused notice of appeal therefrom to be served upon Maria Myhren, upon C. E. Ellis, the guardian *ad litem* for Martin Myhren, and upon Joseph McCarthy, the guardian *ad litem* for Doris Myhren. The notice was not served upon Bertilde Erdman, *nee* Myhren, Edward Myhren, or Elsie Myhren. The motion to dismiss is upon the ground that notice of appeal was not served upon the three last named parties. In resistance to the motion for dismissal, appellant contends that none of the omitted parties appeared in the proceeding to construe the will, and also that they are not necessary parties to the appeal. It is urged that the recital in the decree, "that each and all of the parties, legatees and heirs at law of Peder A. Myhren, deceased, were present in court," is not sufficient to show that the parties upon whom notice of appeal was not served appeared in the proceeding. In support of this contention, § 241 of Rem. Code is cited. This section reads as follows:

"A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance. After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action

need not be made upon him. Every such appearance made in an action shall be deemed a general appearance, unless the defendant in making the same states that the same is a special appearance."

It is obvious that this statute has no application to proceedings in probate where parties appear in obedience to a proper citation or show cause order. Such proceedings are usually initiated on the *ex parte* application of some interested person, and there is neither plaintiff nor defendant therein. The application or petition is merely the basis for a citation, the purpose of which is to give notice to persons interested in the matter to be heard and to afford them an opportunity to appear and protect their rights. As a rule, formal pleadings are neither necessary nor appropriate, and written notice of appearance is not required. A party appears in a probate proceeding of the character in question here when in obedience to a proper citation, he personally appears in court for the purpose of the hearing at the time designated. Rem. Code, § 1281 *et seq.*

Appellant's position, in urging that the parties not served with notice did not appear in the proceeding because they did not demur, answer, make application for an order, or serve written notice of appearance, is rather unique, not to say inconsistent. The record discloses that appellant did none of these things, yet she is appealing from the decree. It is true, the decree recites that she was present in court and was represented by counsel; but being represented by counsel is not one of the ways by which an appearance is made, as enumerated in § 241, *supra,* and surely being present by counsel can be of no greater legal force than being present in one's own proper person. Would it be seriously contended that, if Bertilde Erdman, Edward Myhren, and Elsie Myhren had considered themselves aggrieved by the decree construing the will, and had appealed therefrom, their appeal should be dismissed because they had not appeared in the proceeding? Or if, at the time of hearing the

petition, these parties had been present in court for the purpose of the hearing and the decree had contained a recital to that effect, would it be contended that they were not bound by the decree? It seems plain that the omitted parties actually appeared in the proceeding in a legal and proper manner, and if they are necessary parties to the appeal, clearly the motion to dismiss must prevail. Under the provisions of the will, hereinbefore set forth, it is obvious that Bertilde Erdman, Edward Myhren, and Elsie Myhren were indispensable parties to the proceeding for its construction, and it is equally manifest that their interests will be affected by this appeal.

It is provided in paragraph 3 of the will that if the executrix and all parties interested and concerned in the estate shall deem it best to sell and dispose of the property and convert the same into money, then and in that event one-fourth of the proceeds of the sale shall be equally distributed among Bertilde, Edward, and Elsie, share and share alike. If, therefore, the will were so construed as to operate only upon the community interest of the testator in the property described in the will, and the widow was not required to elect, and the property thereafter should be reduced to money, then the three named children would be entitled to one-fourth of the proceeds derived from the sale of the testator's one-half interest in the property. If, however, the widow was required to elect, and she did elect to take under the will in lieu of her community interest, and the property thereafter, by agreement of all the parties, should be converted into money, then they would be entitled to a one-fourth interest in the proceeds derived from the sale of the whole property.

It is suggested that, if the appeal should be entertained and the decree of the lower court should be reversed, such a disposition of the case would redound to the benefit and advantage of the omitted parties. But this is not the test by which necessary parties to an appeal are determined. It is

not for this court to presume to speak upon that question in behalf of litigants who seem to be satisfied with the decree of the lower court and who do not appeal therefrom. The suggestion that the interests of the omitted parties will be favorably affected by a reversal of the decree is an implied admission that their interests are involved, and the true criterion by which to determine necessary parties to an appeal is whether the interests of the parties in question will be affected by a reversal or a modification of the judgment, order, or decree from which the appeal is prosecuted. The manner in which their interests will be affected can only be determined by considering the merits of the cause. *McKay v. Stephens*, 81 Wash. 306, 142 Pac. 662; *Long Bell Lumber Co. v. Gaston*, 78 Wash. 598, 139 Pac. 641; *Raymond Co. v. Little Falls Fire Clay Co.*, 72 Wash. 209, 130 Pac. 93; *Robertson Mtg. Co. v. Thomas*, 63 Wash. 316, 115 Pac. 312; *Robertson Mtg. Co. v. Thomas*, 60 Wash. 514, 111 Pac. 795; *Beckman v. Brommer*, 57 Wash. 436, 107 Pac. 190; *Seattle Trust Co. v. Pitner*, 17 Wash. 365, 49 Pac. 505; *Cadwell v. First Nat. Bank, North Yakima*, 3 Wash. 188, 28 Pac. 365.

We are loath to dismiss the appeal, but under Rem. Code, § 1720, and the numerous decisions of this court, there is no alternative. The motion to dismiss will be granted.

MORRIS, MOUNT, HOLCOMB, and FULLERTON, JJ., concur.