[No. 19557.  Department One.  October 23, 1925.]

CLARK STUDEBAKER, *as Sheriff of Cowlitz County,
Plaintiff and Respondent,* v. C. E. BUCKINGHAM
*et al., Defendants,* JAMES E. HOLBROOK *et al.,
Defendants and Appellants.*[1]

APPEAL (165, 167)—PARTIES—PARTIES APPEARING—CO-PARTIES AF-
FECTED BY JUDGMENT.  Under Rem. Comp. Stat., § 1720, requiring no-
tice of appeal to be served upon all parties who have appeared in
the action, an appeal from a judgment in interpleader will be dis-
missed where notice was not served upon a bank which appeared
and answered on the merits, after being made a party for the pur-
pose of determining the amount of its liability for costs and expenses
chargeable against the fund, resulting in judgment against the bank
therefor.

APPEAL (93, 94)—RIGHT TO APPEAL—COMPLIANCE WITH JUDGMENT
—PAYMENT—INVOLUNTARY PAYMENT.  Where, in interpleader, the
judgment determined the liability of a party for expenses chargeable
against the fund deposited in court, payment of the judgment by
the clerk out of the fund in the registry of the court is not a volun-
tary payment and does not work a dismissal of the appeal.

Appeal from a judgment of the superior court for
Cowlitz county, Abel, J., entered April 30, 1925, de-
creeing a distribution of funds, in an action to fore-
close a chattel mortgage, tried to the court.  Appeal
dismissed.

*C. E. Remsberg* and *R. J. Boryer,* for appellants.

*C. A. Studebaker* and *E. H. Kohlhase,* for respond-
ent.

PARKER, J.—Respondent Studebaker has moved to
dismiss the appeal, taken to this court in this case by
appellants, Holbrook and others, from the final decree
rendered therein by the superior court for Cowlitz
county.  The motion is rested principally upon the

[1]Reported in 240 Pac. 4.

failure of appellants to serve their notice of appeal upon the defendant First National Bank of Kelso, it being affected by the decree.

In order to make plain the conditions of our problem, it seems necessary to summarize in some detail the allegations of respondent Studebaker's complaint, as follows: On February 21, 1924, defendant and appellant Holbrook presented to respondent, as sheriff of Cowlitz county, a chattel mortgage upon certain dairy stock and equipment in that county, which mortgage purported to have been executed in his favor. He demanded that respondent Studebaker, as sheriff, foreclose the same by notice and sale, without proceedings in court, at the same time presenting to him an indemnity bond executed by defendants, and appellants Moffatt and Robb, as sureties, to save him harmless from all damages which might result from his seizure and sale of the property as demanded. Thereupon Studebaker seized the property and proceeded to give notice of its sale in accordance with the statute regulating such summary foreclosures.

Thereupon defendant First National Bank commenced its action in the superior court for Cowlitz county against one Hart and others, including Studebaker, who claimed interest in or had possession of the property, and sought foreclosure of a chattel mortgage executed thereon in its favor, claiming such mortgage to be a prior and superior lien upon the property. Such proceedings were had in that action that Studebaker was enjoined from proceeding with the summary foreclosure of the mortgage executed in favor of Holbrook, until the further order of the court, and that foreclosure proceeding removed to the superior court and consolidated with the foreclosure action commenced by the First National Bank.

Thereafter such proceedings were had in the consolidated foreclosures that a judgment was rendered therein on August 24, 1924, by which the First National Bank was awarded foreclosure of its mortgage as superior to the other claims against the property. Thereafter, on September 10, 1924, respondent Studebaker, as sheriff, sold the property in pursuance of the decree of foreclosure rendered in that action and made return accordingly, showing net proceeds of the sale in his hands amounting to $3,688.30, after he had deducted from the gross amount of the sale price received by him only his fees and commissions directly incident to the sale, not having paid or deducted any of the expense incurred in the keeping of the property pending the foreclosure proceedings.

From the time of the original seizure of the property by Studebaker, looking to the summary foreclosure of the first-mentioned mortgage, the property remained in his possession; such possession being by defendant and respondent Buckingham, as keeper of the property for Studebaker. Buckingham has made claim for the keeping of the property during the whole of the period since its original seizure, amounting to $5,581, which claim Studebaker alleges to be exorbitant. Other defendants in this action claim some interest in the proceeds of the sale had in pursuance of the foreclosure judgment, and all of the defendants are interested in determining the just amounts which should be paid to the defendant Buckingham, and in an accounting by him touching the sale of milk and other dairy products, as well as the cost of keeping the property during the time the same was in his possession. These claims, in considerable part, are made against Studebaker personally, as well as against the fund representing the proceeds of the foreclosure sale.

Studebaker alleges not only the unreasonableness of Buckingham's claim for keeping the property, but, also, that, while the fund is liable for the just cost of keeping the property, it is impossible for him to determine what respective amounts of such liability should be met by the respective parties, or what respective amounts are justly payable from the fund; also, that separate actions in court are threatened by the several claimants which, if separately prosecuted, will result in a multiplicity of actions and render the proper determination of the respective rights of the claimants unnecessarily involved. All the claimants, and also the sureties Moffatt and Robb, are made defendants in this action. The $3,688.30 proceeds of the foreclosure sale were, by Studebaker, deposited in court upon filing his complaint. Studebaker prayed for relief that he be allowed his costs, disbursements and attorney's fees in prosecuting this action; that, to whatever extent he be adjudged personally liable to any of the defendants, judgment may be rendered to that extent in his favor against the defendants Holbrook and his sureties and the First National Bank; that all of the defendants be enjoined from waging any other action touching the premises; and that the court determine in this action the respective rights and liabilities of all the parties.

The several defendants having answered, and a trial being had upon the merits, the court rendered its decree awarding judgment to Buckingham against the First National Bank in the sum of $466.76, as the reasonable cost of keeping the mortgaged property from the date of the judgment foreclosure until the sale of the property, and decreeing that such judgment be paid by the clerk of the court from the proceeds of the foreclosure sale, brought into court by Studebaker. The court, also, awarded judgment to Buckingham

against Studebaker and Holbrook and his sureties Moffatt and Robb upon the indemnity bond in the sum of $2,226.34. The court, also, awarded judgment to Studebaker against Holbrook and his sureties Moffatt and Robb for attorney's fees in this action in the sum of $350.

On April 30, 1925, the clerk of the superior court, upon the demand of Buckingham's counsel, paid to Buckingham, from the foreclosure fund, in compliance with the judgment rendered in Buckingham's favor against the First National Bank, the sum of $466.76, Buckingham acknowledging full satisfaction of the judgment accordingly. The record in this case does not show that this was done by direction or consent of the First National Bank. In other words, it was not a voluntary payment of that judgment by the First National Bank. Thereafter, on May 7, 1925, Holbrook and his sureties Moffatt and Robb, by their attorneys, appealed from the decree of the superior court to this court; their notice of appeal was served upon several of the other parties to the action, but was not served upon the First National Bank.

Section 1720, Rem. Comp. Stat., relating to service of notices of appeal from the superior court to this court, reads, in so far as we need here notice its language, as follows:

"When the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served . . . upon all parties who have appeared in the action or proceeding: . . ."

We have repeatedly held, ever since the passage of ch. 49, Laws of 1899, p. 79 (§ 1734, Rem. Comp. Stat.), relating to the curing of certain appeal defects, that a failure to so serve a notice of appeal results in a failure to bring the case into this court for review. *Beckman* .

*v. Brommer,* 57 Wash. 436, 107 Pac. 190; *Robertson Mfg. Co. v. Thomas,* 60 Wash. 514, 111 Pac. 795; *Long Bell Lumber Co. v. Gaston,* 78 Wash. 598, 139 Pac. 641; *McKay v. Stephens,* 81 Wash. 306, 142 Pac. 662; *In re Myhren's Estate,* 95 Wash. 101, 163 Pac. 388; *Cole v. Washington Motion Picture Corp.,* 112 Wash. 548, 192 Pac. 972; *Campbell v. Nichols,* 131 Wash. 1, 228 Pac. 833; 133 Wash. 700, 234 Pac. 463.

In view of the fact that the First National Bank was made a party defendant in the action, with a view of determining the extent of its liability, if any, for the costs of the keeping of the property pending the foreclosures, and in view of the fact that the bank answered upon the merits, and upon the trial a judgment was rendered against it and its foreclosure fund, it can hardly be seriously argued that the bank was not a party to the action affected by the decree. Indeed, we do not understand counsel for appellants to so argue. It is, however, argued by them, with a view of escaping the necessity of the service of notice of appeal upon the bank, that the controversy as to the bank had ceased because the judgment rendered against it had been satisfied, in that it had been paid by the clerk of the court from the proceeds of the bank's mortgage foreclosure sale. It is plain, however, that, in so far as can be ascertained from the record before us, this was not a voluntary payment and satisfaction of that judgment by the bank. It was but a payment of the judgment by the clerk of the court, in pursuance of the court's decree, from the proceeds of the bank's mortgage foreclosure sale. This manifestly was not a cessation of the controversy voluntarily brought about by the bank, and did not obviate the necessity of service of the appellants' notice of appeal upon the bank. The following of our decisions support this conclusion: *Hindman*

*v. Boyd,* 42 Wash. 17, 84 Pac. 609; *Ehrlich-Harrison Co. v. Cushman,* 86 Wash. 190, 149 Pac. 708; *Proctor v. Appleby,* 110 Wash. 403, 188 Pac. 481; *Lochridge v. Natsuhara,* 114 Wash. 326, 194 Pac. 974.

We conclude that the appeal must be dismissed for want of service of notice thereof upon the First National Bank, as a party appearing in the action and affected by the decree rendered therein. It is so ordered.

TOLMAN, C. J., ASKREN, MAIN, and MITCHELL, JJ., concur.