IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JAMES L. ROGERS and**
**ROSEANGELA ROGERS,**
**Husband and Wife,**

Plaintiffs-Appellees,

v.                                                                   **NO. 28,993**

**MARK C. LEATHERWOOD**
**and LISA LEATHERWOOD,**
**Husband and Wife,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Robert E. Robles, District Judge**

James L. Rogers
Santa Fe, NM

for Pro Se Appellees

Martin, Lutz, Roggow, Hosford
  & Eubanks, P.C.
Stephen E. Hosford
Las Cruces, NM

for Appellants

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendants (Tenants) appeal from the district court's ruling that they must pay

Plaintiffs (Landlords) attorney fees in the amount of $2,999.50.  [RP 117]  The notice

proposed to affirm. Landlords filed a timely memorandum in support and Tenants filed a timely memorandum in opposition. We remain unpersuaded by Tenants' arguments and therefore affirm.

Tenants continue to argue that the district court erred in determining that Landlords were the prevailing party and therefore entitled to attorney fees. [DS 4; MIO 1-3] We review an award of attorney fees for an abuse of discretion. *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 6, 127 N.M. 654, 986 P.2d 450.

In this case, Landlords sued Tenants for damages in the amount of $4,462.42 for damages based on Tenants' breach of the rental agreement. [RP 8] Tenants counterclaimed, alleging that they were entitled to a return of $400 out of the initial $500 they had provided as their security deposit. After a bench trial, the district court awarded Landlords $1,209.18 in damages, less the $500 deposit, for a total amount of $709.18. Because Landlords were successful in recovering damages, we agree with the district court's assessment that Landlords were the prevailing party and therefore entitled to attorney fees. *See Dunleavy v. Miller*, 116 N.M. 353, 360, 862 P.2d 1212, 1219 (1993) (holding that a "prevailing party" is one who wins the lawsuit—i.e., a plaintiff who has recovered a judgment).

Although the scope of damages ultimately recovered by Landlords was not as extensive as advocated by Landlords [DS 2-4; MIO 1-2], they nonetheless were

successful in procuring a judgment in their favor and recovering damages. For this reason, we hold that their status as the prevailing party was not diminished. *See, e.g.*, *State Trust & Sav. Bank v. Hermosa Land & Cattle Co.*, 30 N.M. 566, 592-93, 240 P. 469, 479 (1925) (holding that the party recovering a judgment, even if that judgment reduced the amount of damages awarded in recoupment, was the prevailing party); *Fort Knox Self Storage, Inc. v. W. Techs., Inc.*, 2006-NMCA-096, ¶ 34, 140 N.M. 233, 142 P.3d 1 (providing that the prevailing party is the party who wins on the merits or on the main issue of the case and that this is so even if the party does not prevail to the extent of the party's original contention); *Cafeteria Operators, L.P. v. Coronado-Santa Fe Assocs., L.P.*, 1998-NMCA-005, ¶ 37, 124 N.M. 440, 952 P.2d 435 (holding that "[a] plaintiff is deemed a prevailing party even if only partially successful").

We lastly note that although the lease between Landlords and Tenants did not contain an attorney fees provision [MIO 1-2], the award of attorney fees is nonetheless mandated by the New Mexico Uniform Owner-Resident Relations Act, NMSA 1978, § 47-8-48(A) (1995) (providing that "[i]f suit is brought by any party to the rental agreement to enforce the terms and conditions of the rental agreement . . . the prevailing party shall be entitled to reasonable attorney[] fees and court costs to be assessed by the court"). To the extent that Tenants argue that the award of attorney

3

fees to Landlords violates principles of law and equity as referenced in NMSA 1978, Section 47-8-4 (1995) [MIO 2], we disagree. As discussed above, although Landlords may not have prevailed in securing the full amount of advocated damages, overall they nonetheless were successful on the merits in that they were awarded damages based on Tenants' breach of the rental agreement. The district court did not abuse its discretion in this case. For this reason, we hold that the award of attorney fees did not violate principles of law and equity.

Based on the foregoing discussion, we hold that the district court did not abuse its discretion in awarding attorney fees to Landlords.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

4