[No. 500.　Decided June 9, 1892.]

THE STATE OF WASHINGTON, *Respondent*, v. MAY FISHER *et al., Appellants.*

APPEAL—INSUFFICIENT BOND—JURISDICTIONAL AMOUNT.

Where an appeal bond is signed by but one of several parties joining in the appeal, the appeal will be dismissed.

Where defendants, arrested upon a charge of vagrancy and brought before a justice of the peace, were released upon cash bail for the sum of ten dollars each for their appearance at the time set for trial, and, upon their failure to appear at the exact hour, their bail was forfeited by the justice, upon which a writ of *certiorari* was procured which resulted in an order of the superior court remanding the cause to the justice to hear and give judgment, the case assumes the character of a civil proceeding, and an appeal will not lie from such order to the supreme court, as the amount in controversy is below the constitutional limit.

*Appeal from Superior Court, Clarke County.*

The facts are stated in the opinion.

*J. W. Metcalf* (*O. G. Hess* and *W. H. Metcalf,* of counsel), for appellants.

The opinion of the court was delivered by

SCOTT, J.—The defendants were arrested as vagrants upon a warrant issued by a justice of the peace of Clarke

county, and were brought into court on the evening of the day of their arrest, whereupon the court continued the cause for hearing until the next day at 10 o'clock in the forenoon, and released the defendants upon a deposit by each of them of the sum of ten dollars as cash bail for their appearance at the time set for trial. The defendants arrived, according to the justice's finding, a few minutes after ten o'clock A. M. on the day specified, and were informed by him that they were too late, and in consequence of their not having appeared at ten o'clock their bail had been declared forfeited, and he refused to put them upon their trial. The defendants contended that they had arrived within the time required, but the justice would not allow them to be heard upon that question. A writ of *certiorari* was issued from the superior court of Clarke county requiring the justice of the peace to certify the proceedings of said court, which resulted in an order remanding the cause to the justice of the peace and directing him to proceed to give the defendants a hearing and to proceed to judgment, to which order the defendants excepted and gave notice of an appeal to this court.

There was an attempt to give an appeal bond, in pursuance of the provisions of § 1408 of the Code of Procedure. There is nothing to show when this bond was filed in the superior court. Sec. 1407 requires that it be filed within five days after notice of appeal is given. The judgment of the court was rendered November 17, 1891, and the bond purports to have been executed on the 20th day of said month. The bond is also very defective in form, and was signed by only one of the principals. It was not signed by the purported surety, but a justification is indorsed thereon, purporting to be signed by him. No one appeared for the state at the argument here, and no brief was filed on the part of the state. We do not think we would be authorized to pass upon any of the questions pre-

sented by the record, for the appeal must be dismissed upon two grounds. While it may be that the signature of the surety to the justification is sufficient to hold him, although he did not otherwise sign the bond, and while we might presume that the bond had been filed in the superior court on the day on which it was verified, yet it appears to us to be fatally defective otherwise in its having been executed by only one of the defendants, while all of them purport to join in the appeal. It seems, also, that this proceeding must be treated as a civil action for the recovery of money. The defendants were not convicted of any criminal offense; they were not sentenced to pay any fine, and were not in custody under any criminal charge after the bail was forfeited. The only question that could have been taken to the superior court for review upon a writ of *certiorari*, under the circumstances, was as to the validity of the action of the justice of the peace in forfeiting the bail, and the appeal to this court could only review that proceeding. It was contended in the superior court and here that the defendants appeared before the justice within the time required. It was also contended that the court had no authority to allow the defendants to go at liberty, and to take bail for their appearance, and having no authority to take the bail, that he had no authority to forfeit it; that the effect of the proceedings had in the justice's court was to dismiss the case against the defendants, and that the money should have been refunded to them. It was contended that the defendants were arrested at 10 o'clock in the evening of the day preceding the day set for trial; that the arrest was in the night time, and that the statute in such cases required the defendants to be kept in confinement until the following day. These were the only questions that were attempted to be raised.

Upon the issuance of the writ of *certiorari*, a bond was given by the appellants which described a money judgment

as having been rendered against the defendants, and made no mention of any criminal proceeding, pending or otherwise, in any way.   It was conditioned that the appellants would prosecute the writ of *certiorari* to effect, and would abide any order the court might make therein. It could hardly be construed under the circumstances as a bail bond requiring their appearance again before the justice for trial, if the superior court should so order, for the criminal proceedings had in effect been discontinued. The superior court made no order requiring their appearance before the justice, and the only question upon which the justice conld give the defendants a hearing, as the case stands, is as to their forfeiture of the bail upon the question as to whether they had appeared within the time required.    Before the defendants could be put upon trial for the criminal offense, it would be necessary to re-arrest them.    The case is of an entirely different nature than it would have been had the defendants been convicted of a criminal offense in the justice's court and appealed therefrom.    We have alluded to this matter only to show the nature of the case in its present attitude.    The appellants have also treated this as an appeal in a civil action by attempting to give the bond provided for in such cases. The amount involved in this controversy is below the constitutional limitation of $200, and the proceeding was not within any of the exceptions provided for by the statute.    Such being the case, no appeal could have been taken therefrom to this court, and the attempted appeal is dismissed.

ANDERS, C. J., and HOYT, STILES, and DUNBAR, JJ., concur.