[No. 1348.   Decided June 7, 1894.]

JAMES S. STANS *et al.*, *Respondents*, v. JAMES E. BAITEY *et al.*, *Defendants*, ELLEN M. MALTBY *et al.*, *Appellants*.

APPEAL BOND — COMMON LAW MARRIAGE — COMMUNITY PROPERTY.

Parties joining in an appeal subsequent to the original notice, as permitted under Laws 1893, p. 121, § 5, must file an appeal bond in addition to that filed by the parties first appealing.

The fact that a man and woman cohabited together in the State of California, without assuming the marriage relation, does not constitute a common law marriage, according to the laws of California, and consequently would not be of sufficient validity to be operative in this state after their removal here, although conducting themselves before the public and between themselves as man and wife.

There being no common law marriage in this state, land acquired with the earnings of a man and woman who live together and hold themselves out to the world as man and wife, is not community property; and, if no trust relation be established, the land must be regarded as belonging to the one in whose name the legal title stands.

*Appeal from Superior Court, Pierce County.*

*George H. Walker*, and *H. W. Lueders*, for appellants.

*W. W. Likens*, and *Ira A. Town*, for respondents.

The opinion of the court was delivered by

SCOTT, J.— Ellen M. Maltby served notice of an appeal in this action and gave security therefor, which was in form an undertaking instead of a bond. Thereafter appellants Owens and Loomis undertook to join in said appeal by filing with the clerk of the superior court a statement that they joined therein, in pursuance of § 5, Laws 1893, p. 121, but executed no bond. The respondents move to dismiss — as to Maltby on the ground that an undertaking for costs is not a sufficient compliance with the statute relating to the giving of a bond, and as to Owens and Loomis on the ground that they failed to give any security whatever.

The motion is denied as to Maltby on authority of *Wilson v. Morrell*, 5 Wash. 654 (32 Pac. 733), where the question was decided adversely to respondents' contention.

As to Owens and Loomis, we think respondents' motion is well taken. The first security given was only executed in behalf of appellant Maltby. If these appellants had joined in the original notice of appeal they would have had to give security. Said § 5 provides that all parties who so join in an appeal shall be liable for the expenses thereof and for costs and damages to the same extent and upon the same conditions as if they had originally joined in the notice. The joining in an appeal may occasion largely increased costs. New points may be raised requiring a more voluminous statement and a more voluminous brief on the part of the respondents, for which the respondents are entitled to security. Aside from the statute we could not say that this additional burden was imposed upon the sureties for the original appellant, for it is clearly outside of the terms of their contract, and it can only be imposed upon them on the ground that at the time they became sureties they did so in the light of the statute which provided that other parties might join in the appeal. But this statute provides that such parties so joining shall be liable for the costs and damages upon the same conditions as if they had originally joined in the notice. One of these conditions was that they should execute a bond to secure the payment thereof. As to Owens and Loomis the appeal will be dismissed.

Appellant Maltby during the times herein mentioned was a resident of the State of New York, and on the 13th of May, 1890, she purchased of Cavender & Fowler, loan brokers of Tacoma, a mortgage for $1,500 on lots seven and eight, in block 3219, in the city of Tacoma, paying therefor the sum of $1,500 and accrued interest. This mortgage was executed to Cavender & Fowler on the 24th

day of March, 1890, by one James E. Baitey, in whose name the legal title to the premises stood. Thereafter this suit was brought by the plaintiffs, claiming to be successors in interest of one Henrietta Baitey, who was alleged to have been the real owner of the property, it being claimed that the same was held in trust for her by said James E. Baitey, and that appellant had notice thereof. The case was tried upon this theory, and after the testimony was in the court indicated to the plaintiffs that the proofs failed to establish a trust, and the only issue in the case was as to whether said property was the community property of the said James E. Baitey and Henrietta Baitey, and suggested to the plaintiffs that the complaint be amended for the purpose of trying that issue. Whereupon twenty days were allowed the plaintiffs within which to amend their complaint, which they did by inserting an allegation as follows:

"And these plaintiffs further allege, that on or about the year 1881 the said Henrietta Baitey, deceased, intermarried with the defendant, James E. Baitey, in the State of California, and at all times after and until the death of said Henrietta Baitey, on the 2d day of March, 1890, the said Henrietta Baitey and the said James E. Baitey lived and cohabited together as husband and wife, and the property described in this complaint was acquired after the marriage of the said Henrietta E. Baitey and the said James E. Baitey and while they were living together as husband and wife in the State of Washington."

The evidence already taken was allowed to stand. A marriage license and certificate of marriage were introduced by appellants to show that said Henrietta Baitey had been married at San Francisco, in 1880, to one Nicholas Olevas, who was then living. Technical objections were raised to their admissibility, which we do not deem it necessary to decide, as will appear later. There was testimony aside from this, however, to show that she had been married to said Olevas, who was her third husband, and that they had

never been divorced. James E. Baitey first became acquainted with said Henrietta Baitey at San Francisco in 1880 or 1881, while she was keeping a lodging house there. He was a sailor, and the testimony showed that while in port he lived and cohabited with her until 1883, at which time he came to Seattle, to which place she subsequently followed him. There was no evidence of any marriage ceremony having been performed between the said James E. Baitey and Henrietta Baitey in California or elsewhere.

It is contended by respondents that there is no sufficient proof that said Henrietta Baitey ever intermarried with Nicholas Olevas, and furthermore, as it appeared by the proof that she was a mulatto and Olevas a white man, that under the laws of California, proof of which was made, marriages between white persons and mulattoes were illegal. It is contended that said James E. Baitey and Henrietta Baitey became husband and wife by virtue of a common law marriage, which was good in the State of California, and that having assumed such relationship there, and continued it thereafter in this territory and state up to the time of her death, they were husband and wife, and, if so, the proof is satisfactory that the property acquired was the community property of said parties.

A good deal of proof was introduced in the case to show that said parties had always held themselves out as husband and wife in this territory, and we think this fact was clearly established, but we regard it largely immaterial, as marriages under the common law do not, and did not, obtain here, and it was only relevant as some evidence of a prior marriage. There is no proof of any agreement having been entered into between said parties to take each other as husband and wife in the state of California, and absolutely no proof that they ever held each other out to the community there as husband and wife. Also it seems to us immaterial whether or not the previous marriage be-

tween Henrietta Baitey and Olevas was a valid marriage, for it appears that James E. Baitey understood that she was the wife of said Olevas while he was associated with her in California. This was sufficient to rebut the presumption of any agreement to take each other as husband and wife in that state, if one could obtain from the proof offered, regardless of the fact as to whether she and Olevas were lawfully married. The proof shows nothing more than a mere illicit intercourse and connection between said James E. Baitey and Henrietta Baitey in the state of California. The bare fact that they cohabited there appears, but this was insufficient, standing alone, to establish a common law marriage. Their subsequent conduct in this territory and state, where they openly assumed the relations of husband and wife, was of no avail, and we are constrained to find from the testimony that Henrietta Baitey was never the wife of James E. Baitey.

But the respondents contend that although said parties were not husband and wife, we should find for the plaintiffs on the ground that the real estate in question was purchased with the funds of Henrietta Baitey, and that James E. Baitey held the legal title thereof in trust for her. The appellant insists that question is not in the case under its present aspect. However this may be, we are satisfied, from an examination of the testimony, with the finding of the lower court, that there was not sufficient evidence to establish a trust relation. Consequently the judgment of the court, finding that the real estate in question was the community property of said James E. Baitey and Henrietta Baitey must be reversed.

DUNBAR, C. J., and HOYT and ANDERS, JJ., concur.

STILES, J., not sitting.