[No. 2426.  Decided January 19, 1897.]

G. W. E. GRIFFITH, *Appellant*, v. THE SEATTLE NA-
TIONAL BANK BUILDING COMPANY *et al.*, *Respondents*.

DISMISSAL OF APPEAL — LIMITATION ON JOINDER AND INDEPENDENT AP-
PEAL — CONSOLIDATION OF CAUSES.

Under Laws 1893, p. 121, § 5, where an appeal has already been
taken from a decree and is pending undismissed, another party
desiring to join in the appeal, or take an independent appeal from
the same decree, must do so within ten days after service of notice
upon him of the prior appeal.

Error in ordering the consolidation of cases for trial is reviewable
upon exceptions to the order of the court.

Appeal from Superior Court, King County.—Hon.
ALFRED BATTLE, Judge *pro tem.*  Appeal dismissed.

*Westbrook S. Decker, Struve, Allen, Hughes & McMicken,
T. J. O'Donnell,* and *Milton Smith,* for appellant.

*Per  Curiam.*—In 1890 the Seattle National Bank
Building Company of Seattle commenced the erection
and construction of a building upon certain lots in
that city.   In the course of its construction various
parties (respondents herein) furnished materials for use
therein, and thereafter filed liens upon the lots and
building for the amounts remaining unpaid for the
materials so furnished.  Subquently these various
parties so furnishing materials began their respective
actions in the superior court of that county to fore-
close said liens.   After these lien claimants had begun
to furnish materials, a trust deed, executed by the
building company to the Western Farm Mortgage
Trust Company (of which company the appellant had
become the successor in trust) securing two hundred
and fifty one thousand dollar bonds, was recorded.

In the various lien cases the appellant was made a party defendant. Prior to the trial of said lien cases, appellant, as trustee, commenced an action — numbered 15,260 — to foreclose the trust deed, to which action he made all of the lien claimants parties defendant. There were various other defendants, mention of whom, however, is unnecessary.

Among others claiming a lien upon the premises in question was the firm of P. V. Dwyer & Bros., plumbers in the city of Seattle, and an action to foreclose its lien was pending at the time when appellant instituted the suit to foreclose said trust deed. In that suit the firm of Dwyer & Bros. was made a party defendant, and answered setting up its claim to a lien and asserting its priority and superiority to the lien of the trust deed.

The Seattle National Bank, respondent, was plaintiff in an action pending in said court against said firm of Dwyer & Bros., and in said action had garnished the building company. It was also a party defendant in appellant's action to foreclose the trust deed.

Thereafter, Maurice Lyons intervened in cause No. 15,260 (being the foreclosure suit), setting up the assignment to him of the lien and claim of Dwyer & Bros., and sought to have the lien of Dwyer & Bros. established for his use and in his own right and foreclosed and established by decree to be prior and superior to the trust deed.

By an order of the lower court these various actions were consolidated and, on March 26, 1896, a single decree was entered. By such decree the liens of the various parties furnishing material were adjudged and decreed to be superior to that of the trust deed, and the respondent, Seattle National Bank, was decreed

to have succeeded to the right of Dwyer & Bros. in and to their lien, and said lien was established in favor of said bank.   From this decree Maurice Lyons appealed, and, on April 10, 1896, his notice of appeal was duly served upon Griffith, trustee, (the present appellant).   Thereafter, upon application of said Lyons, a statement of facts was settled and the appeal filed in this court.   On the 24th of June, 1896, while the Lyons appeal was pending, appellant's notice of appeal was given and served, and subsequently thereto a statement of facts was also settled upon his application.   The cause, on the appeal of Lyons, was assigned for hearing in this court at the October session, and on November 5th was dismissed because of a failure of the appellant therein to serve necessary parties.

Respondents have moved to dismiss the present appeal upon various grounds, and among others, " because more than ten days prior to any service of notice of his appeal, the respondent Maurice Lyons had served upon said appellant a notice of his [Lyons] appeal from the decree from which this appeal is being prosecuted.   Appellant Griffith, trustee, did not join in the Lyons appeal, nor serve an independent notice of like appeal within ten days, nor has he attempted to take an independent appeal after dismissal of the Lyons appeal."

Section 5 of the act of March 8 (Laws of 1893, p. 121), provides :

"All parties whose interests are similarly affected by any judgment or order appealed from may join in the notice of appeal whether it be given at the time when such judgment or order is rendered or made, or subsequently; and any such party who has not joined in the notice may at any time within ten days after the notice is given or served, serve an independent notice of like appeal, or join in the appeal already taken by

filing with the clerk of the superior court a statement that he joins therein or in some part thereof, specifying in what part. Any such party who does not so join shall not derive any benefit from the appeal unless from the necessity of the case; nor can he independently appeal from any judgment or order already appealed from, more than ten days after service upon him of written notice of the former appeal, unless such former appeal be afterwards dismissed."

The interests of Lyons and Griffith being similarly affected by the decree from which they have severally attempted to appeal, the time in which Griffith was entitled under the statute to appeal was limited to ten days after the date of service upon him of the Lyons appeal. Upon service of this appeal of Lyons, the statute authorizes Griffith to proceed in either of two ways, viz., join in the appeal taken by Lyons or serve an independent notice of like appeal. But the statute limited his right to take either of these steps to ten days. As already noticed, instead of proceeding within the time limited by the statute, he neglected for upwards of two months to take any action, and at the expiration of that time and while the appeal of Lyons was pending and undismissed, appellant served his notice of appeal in the present proceeding.

The motion to dismiss must prevail. The statute in question is imperative and leaves no room for construction. It is immaterial whether the order of consolidation was or was not properly made. If improperly, it was an error which could be reviewed upon exception. But beyond this, the issues between Lyons and the bank were raised *in the action brought by appellant* to foreclose the trust deed, in which both of these parties were made defendants. So that the decree, from which both Lyons and the present appellant have attempted to appeal separately, was entered in

the same case, and the statute prescribes the conditions and fixes the time within which independent appeals may be prosecuted therefrom.

The conclusion which we have reached upon this branch of the motion is decisive and renders it unnecessary to consider the other grounds urged.

Dismissed.