[No. 2805.  Decided February 23, 1898.]

LUCY S. HOPKINS, *Respondent*, v. SATSOP RAILWAY COM-
PANY *et al.*, *Defendants*, PENINSULAR RAILWAY COM-
PANY *et al.*, *Appellants*.

APPEAL — PARTIES — JURISDICTION OF APPELLATE COURT — WANT OF
NOTICE AND BOND.

Where the appeal bond required by Laws 1893, p. 122, § 6
(Bal. Code, § 6505), has been given by only one of several de-
fendants who have jointly given notice of appeal, the appeal is
ineffectual as to the appellants not joining in the execution of
the bond;  and where the appellant who has executed the bond
has failed to give notice of appeal, as required by Laws 1893, p.
122, § 5 (Bal. Code, § 6504), to be given parties not joining, to
the defendants purporting to join in the appeal, but who have
failed to perfect their rights by filing the required bond, the ap-
peal should be dismissed for want of jurisdiction. (REAVIS, J.,
dissents.)

Appeal from Superior Court, Mason County.—Hon.
CHARLES W. HODGDON, Judge.  Appeal dismissed.

*Bausman, Kelleher & Emory*, for appellants.
*McCutcheon & Gilliam*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent has moved to dismiss the ap-
peal herein for various reasons, among others:

" First.  Because each of said defendants, Peninsular
Railway Company, The First National Bank of Seattle and
The Security Savings & Trust Company, and The Na-
tional Bank of Commerce of Seattle, united in giving a
joint notice of appeal, but failed to execute to the respond-
ent a joint appeal bond.

" Second.  Because the attempted appeal by said de-
fendants, The Security Savings & Trust Company, The
First National Bank of Seattle, and The National Bank of

Commerce of Seattle, was not made effectual by the giving of an appeal bond or undertaking by them or either of them, or by any one in behalf of them or either of them, within the time prescribed by law or at all.

"Third.  Because the defendants, The Security Savings & Trust Company, The First National Bank of Seattle, and The National Bank of Commerce of Seattle, appeared in this cause in the lower court, and filed their answer therein jointly with the Peninsular Railway Company, and their interests are materially affected by the decree in this cause, and no notice of appeal was ever served upon them or either of them, and they are not appellants in this attempted appeal, and neither of them is made a respondent herein."

The notice of appeal was a joint notice signed by the attorneys for all of the parties named in the notice as appellants; but the only appellant giving a bond was the Peninsular Railway Company, and the bond does not purport to be for the benefit of any of the other appellants. Section 5 of the act relating to appeals, Laws 1893, p. 122 (Bal. Code, § 6504), provides that:

"All parties whose interests are similarly affected by any judgment or order appealed from may join in the notice of appeal. . . . Any such party who does not so join shall not derive any benefit from the appeal unless from the necessity of the case; nor can he independently appeal from any judgment or order already appealed from, more than ten days *after service upon him of written* notice of the former appeal, unless such former appeal be afterwards dismissed. . . . The notice of appeal . . . shall be served in the manner required by law for the service of papers in civil actions and proceedings, *upon all parties who have appeared in the action or proceeding.*"

The following section provides that, unless a bond to the adverse party conditioned as required by law, be filed with the clerk within five days after the notice of appeal is given, the appeal " shall become ineffectual for any purpose." It

was intended by the legislature in adopting this statute that the rights of all of the parties to a cause should be determined in a single appeal. *Casey v. Oakes,* 13 Wash. 38 (42 Pac. 621); *Cornell University v. Denny Hotel Co.,* 15 Wash. 433 (46 Pac. 654). The rule is general that all parties materially affected by the judgment must be made parties to an appeal, or the appeal must be dismissed for want of jurisdiction. 2 Enc. Pl. & Pr., p. 192, and authorities there cited. See, also, Elliott on Appellate Procedure, § 138. And another proposition equally well settled, is that, where the bond is required to be executed by the appellant, " all the joint appellants having an appealable interest must sign." 1 Enc. Pl. & Pr., p. 974. In *Stans v. Baitey,* 9 Wash. 115 (37 Pac. 316), Maltby, one of the appellants, served notice of appeal and gave his bond.

" Thereafter Owens and Loomis [other appellants] undertook to join in said appeal by filing with the clerk of the superior court a statement that they joined therein, in pursuance of section 5, Laws 1893, p. 121, but executed no bond. The respondents move to dismiss . . . as to Owens and Loomis on the ground that they failed to give any security whatever. . . . As to Owens and Loomis, we think respondents' motion is well taken. The first security given was only executed in behalf of appellant Maltby. *If these appellants had joined in the original notice of appeal they would have had to give security.*"

The reasoning of these cases is, and the manifest intention of the legislature was, that each appellant must enter into a bond in favor of the respondent, and this whether he joins with other appellants in giving his notice or gives an independent notice of his own. Where a joint notice is given a joint bond may also be given. We have repeatedly held that where an appellant gives his notice of appeal and stops short without giving the bond, he may thereafter proceed to give a new notice followed by a bond within five days thereafter, and thus perfect his appeal.

That is the position in which the appellants, National Bank of Commerce, First National Bank and The Security Savings and Trust Company occupy with reference to this appeal; and if the time for appealing from the judgment has not expired it is clear that they may yet perfect an appeal by giving a new notice and bond, unless they have been served with notice of appeal as provided by section 5, *supra*. They are in no different position than they would have been, had they given independent notices of appeal and abandoned the same before giving a bond; and it seems clear to us that, inasmuch as they have not been served with a notice of appeal, we are without jurisdiction. We think the question is not an open one, or of first impression in this court. In *State v. Fisher*, 4 Wash. 382 (30 Pac. 502), which, notwithstanding its title, we regarded as a civil action, one of the grounds upon which the appeal was dismissed, was thus stated:

" It [the bond] appears to us to be fatally defective otherwise in its having been executed by only one of the defendants, while all of them purport to join in the appeal."

Counsel for the appellant argues in resistance of the motion that the law favors a joint appeal, and that an appellant who in good faith joins in the notice ought not to have his appeal dismissed because of the obstinacy or treachery of his co-appellants. But we think it no great hardship to require an appellant in such case to serve the notice of appeal on the parties who refuse to join in the bond, and thereby bring them in to the record, and, however that may be, it was for the legislature to determine the method by which causes should be brought to this court. We think it necessarily follows as a result of our previous decisions, as well as the general rule prevailing in state courts on the

subject of appellate procedure, that the motion must be granted, and the appeal dismissed, and it is so ordered.

DUNBAR and ANDERS, JJ., concur.

REAVIS, J., (dissenting).—I think all parties who appeared were notified of the appeal. I do not see any necessity for serving them with another notice of appeal.