[No. 10022. Department One. December 2, 1911.]

CHARLES BRUHN *et al.*, *Respondents*, v. J. E. STEFFINS, *Appellant.*[1]

APPEAL—BONDS—OBLIGEE—ADVERSE PARTY—FILING NEW BOND. An appeal will be dismissed where the judgment was in favor of one of the plaintiffs, and the bond on appeal was given to the other plaintiffs, as obligees, who had no interest in the judgment; and there being in effect no bond to the adverse party, the same cannot be amended by the filing of a new bond under Rem. & Bal. Code, § 1734, allowing amendments of defects or informalities in a bond (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for Franklin county, Pendergast, J., entered July 26, 1911, in favor of one of the plaintiffs, in an action to quiet title, after a trial on the merits. Appeal dismissed.

*Horrigan & Coad*, for appellant.

*Englehart & Rigg*, for respondent Pasco-Columbia River Realty Company.

MOUNT, J.—Motion to dismiss the appeal herein. It appears that Charles Bruhn and the Pasco-Columbia River Realty Company, a corporation, brought an action against J. E. Steffins and others, to quiet title to certain lands in Franklin county. Upon issues joined, the trial court entered a judgment in favor of the Pasco-Columbia River Realty Company, quieting its title to the lands against the defendant J. E. Steffins. The judgment was not in favor of Bruhn

[1]Reported in 119 Pac. 29.

and wife, and they have no interest therein. J. E. Steffins gave a notice of appeal from the judgment. The notice was served upon Bruhn and wife and also the Pasco-Columbia River Realty Company. The appellant filed a cost bond on appeal. This bond recites:

"That we, J. E. Steffins, appellant in the above entitled action, as principal, and Daniel Horrigan, as surety, are held and firmly bound to Charles Bruhn and Pauline Bruhn, his wife, in the above entitled action, in the penal sum of two hundred ($200) dollars, for the payment of which sum well and truly to be made, we bind ourselves firmly, jointly and severally by these presents."

The bond then, after describing the judgment appealed from, recites:

"Now, therefore, if the above bounden appellant, J. E. Steffins, will pay to the said Charles Bruhn and Pauline Bruhn, his wife, the respondents herein, all costs and damages that may be awarded against the appellant on this appeal, or on the dismissal thereof, not exceeding the sum of two hundred ($200) dollars, then this bond to be void; otherwise in full force and effect."

The statute requires the bond to be given to the "adverse party." Rem. & Bal. Code, § 1721. An adverse party is one whose interests will be affected by a reversal or modification of the judgment appealed from. *Seattle Trust Co. v. Pitner*, 17 Wash. 365, 49 Pac. 505. It is plain, therefore, that Bruhn and wife are not adverse parties, for they have no interest in the judgment in any way. The bond is no protection whatever for the Pasco-Columbia River Realty Company, which is the only adverse party; because this court could not enter a judgment against the surety in the bond, for the bond precludes such a judgment. Neither could the Pasco-Columbia River Realty Company maintain an action upon the bond, for it is not so conditioned. Appellant relies upon the case of *Westland Pub. Co. v. Royal*, 36 Wash. 399, 78 Pac. 1096. In that case the bond ran to the state of Washington, and we held that the intent was

manifest that the bond was for the protection of the adverse party. In this case, however, it is not manifest that the bond was for the protection of the adverse party, because it is plainly for one who had ceased to have any interest in the litigation.

Appellant insists that he should now be permitted to file a new bond under the provisions of Rem. & Bal. Code, § 1734. If this were an informality or defect in a bond otherwise sufficient, this section would apply, but this bond is so defective that it amounts to no bond or security at all for the respondent Pasco-Columbia River Realty Company, which is the only adverse party.

The appeal is therefore dismissed.

DUNBAR, C. J., PARKER, and GOSE, JJ., concur.

FULLERTON, J. (dissenting)—I am of the opinion that § 1734 of the code was passed for the express purpose of permitting defects such as is shown in the present bond to be corrected. I am compelled to dissent, therefore, from the order of dismissal.