[No. 17721.  Department Two.  May 1, 1923.]

UNION AUTO SUPPLY COMPANY *et al., Appellants,* v. ENUMCLAW TRANSPORTATION COMPANY, *Respondent.*[1]

APPEAL (88)—RIGHT TO APPEAL—APPEALABLE INTEREST.  Where, in a suit by a creditor, a receiver is appointed for a corporation who, in his final report, shows that all the creditors may be paid in full and the corporation returned to the control of its officers, the creditors in whose suit the receiver was appointed have no appealable interest in an order carrying out the receiver's recommendations, and such creditors' appeal should be dismissed.

SAME (167)—PARTIES—JOINDER IN APPEAL—SIMILARITY OF INTEREST.  Where in a suit against a corporation by a creditor, a receiver is appointed who in his final report shows that all the creditors may be paid in full and the corporation returned to the control of its officers, a stockholder in the corporation who objects to the receiver's report because of matters between him as a stockholder and the corporation and its officers cannot join in an appeal by the petitioning creditor from an order carrying out the receiver's recommendations, because his interests are not similarly affected.

SAME (196)—BOND—NECESSITY—JOINDER IN APPEAL.  A failure on the part of one who attempts to join in the appeal of another to give a bond on appeal is fatal and his appeal should be dismissed.

Appeals from an order of the superior court for King county, Gilliam, J., entered July 12, 1922, in receivership proceedings, after a hearing upon objections to the final report of the receiver.  Dismissed.

[1]Reported in 214 Pac. 1044.

*W. R. Crawford,* for appellants.
*Griffin & Griffin,* for respondent.

PER CURIAM.—The respondent corporation, Enum-
claw Transportation Company, was, at the suit of the
appellant Union Auto Supply Company, on August 8,
1921, placed in the hands of a receiver, as being in-
solvent, or in imminent danger of insolvency. The
corporation was at that time engaged in operating a
line of automobile stages, carrying passengers for hire.
The receiver, after his appointment, continued the
operation of the business of the corporation, and did
so with such success as to change it from a losing to a
profit-making business. On July 7, 1922, the receiver
rendered a report to the court, in which, after showing
his doings as such receiver and the then status of the
corporation, he stated that he had received an offer of
a loan of $25,000, to be secured on the property of the
corporation, which loan, together with the money then
on hand, would take up all of the outstanding obliga-
tions of the corporation, including that of the Union
Auto Supply Company. He recommended that the
loan be accepted, the debts of the corporation paid,
the property be turned back to the corporation, and the
receivership ended. The court, on the filing of the re-
port, fixed a time for a hearing thereon, and directed
notice to be given of the hearing. Such a notice was
given, and at the time appointed, the court heard all of
the parties appearing, and entered an order carrying
into effect the receiver's recommendations.

Among those appearing and objecting to the order
was the appellant Union Auto Supply Company and
one W. R. Crawford. The objections of the Union
Auto Supply Company were somewhat general, going
principally to the want of power of the court to make
such an order. The appellant Crawford set out that

he was the majority stockholder of the corporation, and that certain other stockholders had usurped his rights as such; had wrongfully canceled his certificates of stock; had wrongfully issued new certificates of stock in lieu to themselves, and had wrongfully elected themselves as officers of the corporation. He also alleged that certain claims against the corporation listed as the property of others were in fact his property; that certain claims allowed by the receiver were not obligations of the corporation; and objected to certain intermediate orders of the court, particularly to the refusal of the court to change the terminal of its route in the city of Seattle, on the demand of the city officers. The trial court, before entering its order on the petition of the receiver, overruled these objections; refusing to hear evidence upon or consider the claims of appellant Crawford further than to find that the claims objected to were proper claims against the corporation.

The Union Auto Supply Company perfected its appeal by giving a cost bond within the time and duly conditioned as required by statute. Crawford sought to appeal by joining in the appeal of the Union Auto Supply Company. He gave no bond on his own behalf.

It would seem that, on the merits of the controversy, there is little cause for disturbing the order of the trial court, but the receiver moves to dismiss the appeals, and the motion must be granted.

The Union Auto Supply Company, since its sole interest in bringing the action was to collect the indebtedness due it, and since this is to be paid in full, with interest and costs, it is not aggrieved by the court's order, and is without an appealable interest. It can object only to the wisdom of the court's order, but this is a matter concerning which only the corpo-

ration itself can complain. It was of no concern to this appellant.

The appeal of Crawford cannot be sustained for two reasons. By the statute (Rem. Comp. Stat., § 1720), only those may join in an appeal whose interests are similarly affected by the judgment or order appealed from, and it is clear that the order made with respect to the Union Auto Supply Company in no manner affects the order made with respect to him. The second ground is that he gave no appeal bond on his own behalf. This is essential where one party joins in the appeal of another. *Robertson Mortgage Co. v. Thomas,* 63 Wash. 316, 115 Pac. 312.

The appeals are dismissed.