[No. 26245. Department Two. December 23, 1936.]

PORT ANGELES SAVINGS & LOAN ASSOCIATION, *Appellant,*
v. ADMIRAL D. WARNER *et al., Respondents,* K. O.
ERICKSON *et al., Appellants,* SHELL OIL
COMPANY *et al., Defendants,* D. D.
WARNER *et al., Respondents.*[1]

*Wm. J. Conniff* and *Stanley A. Taylor,* for appellants.

*Trumbull, Severyns & Trumbull,* for respondents.

HOLCOMB, J.—The proper title of this case is as given above and not as given on the briefs of appellants.

A noticed motion was heretofore heard, submitted, and reserved for disposition on the merits. Its proper determination, however, requires quite a lengthy statement for a correct understanding.

This action was begun by appellant corporation to foreclose a first and prior mortgage upon certain real

[1]Reported in 63 P. (2d) 355.

estate, partly located in Port Angeles and partly at Forks, all in Clallam county, Washington, both being improved and in use by respondents Warner for garage and service station purposes, and the complaint made them, as well as K. O. Erickson and wife, defendants.

In the complaint, it was alleged that appellant corporation has a first and paramount mortgage lien upon the property, that Erickson and wife were asserting some claim to the property, but that such claim was inferior and subject to its claim; that respondents Admiral D. Warner and wife were the makers of the note and mortgage which appellant was suing to foreclose, and that respondents D. D. Warner and wife claimed some interest in the mortgaged property which was inferior and subsequent to the mortgage of appellant. Issues were tendered by respondents, the Warners, by admissions and affirmative answers.

Erickson and wife, after the trial had commenced, appeared, asked and were granted permission to file an answer and cross-complaint in which they set forth that they had a mortgage on the same property described in the complaint, executed by Admiral D. Warner and wife, admitted that it was junior to the mortgage of appellant, and asked for a judgment and decree of foreclosure. To the answer and cross-complaint of the Ericksons, the Warners answered and admitted the execution of the second mortgage and by appropriate pleas made issues as to payments and set up the defense of usury.

After the issues were framed and a trial to the court, it, on March 2, 1936, made and entered its findings, conclusions and decree in favor of appellant and against respondents Admiral D. Warner and wife in the sum of $5,775.49, together with interest accrued, taxes advanced, and costs of the suit, including

an attorney's fee of four hundred dollars; concluded that the mortgage of appellant is a first and paramount lien, decreed the foreclosure thereof, and provided for a deficiency judgment.

In arriving at the amount of the judgment rendered in favor of appellant and against the Warners, the court found that checks in the total sum of $612.68, issued by them and made payable to appellant corporation, were made as payments due it to be applied on its first mortgage, and that Erickson, in his capacity as president, general manager and sole executive officer of the business of appellant corporation, had caused the checks to be endorsed, had appropriated them and wrongfully applied that sum as payments upon the second mortgage. The court also found that the Warners had sold a portion of the mortgaged property, consisting of a light plant and equipment, for $165, which sum was delivered with instructions that the same be applied on the first mortgage of appellant, but that Erickson wrongfully appropriated it and applied it on the second mortgage; that the total of those sums, $777.68, should be credited upon the first mortgage. It was also found that insurance premiums for insurance written by Erickson, in his capacity of insurance agent, in the sum of $926.44, were not a proper part of any claim to be allowed appellant and could not be included therein. It was also found that the sum of $194, included in appellants' claim for commissions and expenses, was not a proper charge and was disallowed.

On the cross-complaint of Erickson and wife, the court found and adjudged that the note and mortgage sought to be foreclosed in the cross-complaint was usurious, and that, by reason of the payments made thereon and the deductions authorized by statute, the claim of Erickson and wife had been fully extin-

guished; and decreed that the debt evidenced thereby be satisfied and the mortgage cancelled of record. Thereafter, appellant corporation and Erickson and wife, by separate counsel, each moved for a new trial, which motions were denied.

On March 31, 1936, appellant corporation and the cross-complainants Erickson took a joint appeal, which notice of appeal, omitting the title, reads:

"To the above named defendants, ADMIRAL D. WARNER and CARRIE G. WARNER, his wife, and D. D. WARNER and PEARL E. WARNER, his wife, and each of them, and to TRUMBULL, SEVERYNS & TRUMBULL, their attorneys:

"You and each and all of you are hereby notified that the above named plaintiff, Port Angeles Savings & Loan Association, a corporation, and the above named defendants and cross-complainants, K. O. Erickson and Annie Erickson, his wife, appeal to the Supreme Court of the State of Washington from those portions of the judgment of the above entitled court which are hereinafter more specifically referred to, which judgment was made and given in favor of the above named plaintiff and against all of the defendants above named and the cross-complainants, K. O. Erickson and Annie Erickson, his wife, on the 2nd day of March, 1936, and from the orders of the above entitled court dated the 18th day of March, 1936, denying the motion of the plaintiff Port Angeles Savings and Loan Association for a new trial herein and denying the motion of the defendants and cross-complainants K. O. Erickson and Annie Erickson, his wife, for a new trial herein.

"The particular parts of said judgment which the said plaintiff appeals from are as follows:

"(1) That part of paragraph numbered one in said judgment assessing the amounts of the recovery awarded by the court to the plaintiff, the amounts which the plaintiff contends should have been awarded the plaintiff being set up in the plaintiff's proposed findings of fact and conclusions of law and judgment herein, submitted to the court and which the court

refused to sign; the plaintiff contending that the amounts so awarded by the court to the plaintiff were inadequate and not in accordance with the evidence adduced at the trial and the law pertinent to the case.

"(2) That part of said judgment in paragraph numbered two which awards the plaintiff a recovery against the defendants Admiral D. Warner and Carrie G. Warner, his wife, for its costs and disbursements, but which fails to set forth the amount or any amount.

"The plaintiff further appeals from said judgment upon the ground that it fails to foreclose the chattel mortgage sought to be foreclosed in this action and fails to order the personal property covered thereby sold, although the findings of fact and the written opinion of the court herein show that said chattel mortgage should have been foreclosed and the property covered thereunder ordered sold.

"That the defendants and cross-complainants K. O. Erickson and Annie Erickson, his wife, appeal from that portion of said judgment contained in paragraphs numbered six, seven, eight, and nine thereof, and each and every portion of said paragraphs.

"Wm. J. Conniff
"Attorney for Appellant Port Angeles Savings & Loan Association
"Stanley A. Taylor
"Attorney for Appellants K. O. Erickson and Annie Erickson, his wife."

In connection with their joint appeal, they filed a joint bond in the statutory amount of two hundred dollars.

Our rather extensive examination of the record to determine the law as to this motion convinces us that, on the merits of the controversy, there is probably little cause for disturbing the decree, but the question as to the appellate jurisdiction of this court under our statutes is clearly presented and must be decided.

One ground of the motion to dismiss by respondent is that the notice of appeal of the corporation appel-

lant purports to appeal from an order of the trial court, made on March 18, 1936, denying its separate motion for a new trial; and the notice of appeal of cross-complainants Erickson and wife purports to take a joint appeal from the order denying their separate motion for a new trial as well as from the judgment denying them any relief; and that the relief sought by their separate defenses and the motions based thereon was conflicting, inconsistent and adverse as between them, and they were not similarly affected by such orders, which orders are not appealable.

Another ground is that the interests of these joint appellants are not similarly affected by the decree entered by the trial court, but on the contrary the issues adjudicated in this action are adverse, conflicting, antagonistic and not subject to the joint appeal by the plaintiff therein and the defendants and cross-complainants Erickson.

■ We have uniformly held that an order denying a new trial, under Rem. Rev. Stat., § 1716 [P. C. § 7290] (6), is not an appealable order. *Lefever v. Blattner*, 57 Wash. 637, 107 Pac. 835; *Carlson v. Vashon Navigation Co.*, 102 Wash. 75, 172 Pac. 860; *Hogue v. Hogue*, 144 Wash. 650, 258 Pac. 465.

■ Rem. Rev. Stat., § 1720 [P. C. § 7294], so far as applicable, reads:

"All parties whose interests are similarly affected by any judgment or order appealed from may join in the notice of appeal whether it be given at the time when such judgment or order is rendered or made, or subsequently; . . ."

Manifestly, if the joint appeal is effective, a joint bond may be given. *Hopkins v. Satsop R. Co.*, 18 Wash. 679, 52 Pac. 349. Therefore, the question to be first decided is whether the joint appeal is valid in this case.

Appellants rely to some extent on definitions in 58 C. J. 733 and 734 to the effect that "similar" means "like, . . . having a resemblance; resembling; homogeneous; uniform." They also rely on *Griffith v. Seattle Nat. Bank Building Co.*, 16 Wash. 329, 47 Pac. 749. In that case, several suits to foreclose materialmen's liens were consolidated and a single decree entered. An appeal was taken by one of the parties aggrieved, and later, while it was pending undismissed, another party desiring to join in the appeal, or take an independent appeal from the same decree, did neither until after the statutory ten days had elapsed from the taking of the first appeal.

We said:

"The interests of Lyons and Griffiths being similarly affected by the decree from which they have severally attempted to appeal, the time in which Griffith was entitled under the statute to appeal was limited to ten days after the date of service upon him of the Lyons appeal. . . .,

"The motion to dismiss must prevail. · The statute in question is imperative and leaves no room for construction."

That decision is not applicable to the features in this case.

Cases which seem most analogous in principle to this case are: *Mottet v. Stafford*, 94 Wash. 572, 162 Pac. 1001, and *Union Auto Supply Co. v. Enumclaw Transportation Co.*, 124 Wash. 483, 214 Pac. 1044. The first cited case involved conflicting claims to a fund in court. Appellants contend that the very fact that that case involved such claims, distinguishes it from this case. We do not think so. This case involves conflicting claims to the same real estate between the original plaintiff and cross-complainants Erickson. By their cross-complaint, the Ericksons made them so. Clearly, their actions and defenses

were either conflicting or collusive, which will hardly be seriously asserted by their reputable counsel.

In the second above cited case, we stated that, under the statute, § 1720 [P. C. § 7294], *supra,* only those may join in an appeal whose interests are similarly affected by the judgment or order appealed from, and it is clear that the order made affecting the supply company in no manner affected the order made with respect to the receiver. The appeal by that appellant was therefore dismissed.

This appeal is an attempt by two adverse parties to effect two separate appeals by means of one notice and one bond.

Were this a mere matter of defective notice or defective bond, appellants, or at least the principal appellant, could be granted relief under Rem. Rev. Stat., §§ 1730-9 and 1734 [P. C. §§ 7297, 7319], as moved separately, by each appellant, in this court. Such is not the case, however. The joint appeal attempted to be taken was and is ineffective and invalid for any purpose. It confers no appellate jurisdiction upon this court.

The appeal must be, and is, dismissed.

MILLARD, C. J., TOLMAN, MITCHELL, and BEALS, JJ., concur.