On April 20, 1936, Edith Posey, who was nominated as executrix of the nonintervention will executed November 11, 1931, by Anna Flint, a widow, who died April 16, 1936, qualified as such executrix and proceeded to administer the estate. Edith Posey died November 18, 1936, without filing an inventory of the assets of the estate and without filing any report or account of her acts and transactions as executrix of the estate of Anna Flint, deceased. Carrie Weimer was appointed administratrix of the estate of Edith Posey, deceased. H.A. Crowder was appointed administrator *Page 356 de bonis non of the estate of Anna Flint, deceased.
As administratrix of the estate of Edith Posey, deceased, Carrie Weimer filed in the superior court for King county a document entitled,
"In the Matter of the Settlement of the Estate of Anna Flint, Deceased, Partial Account of Carrie Weimer as Administratrix of the Estate of Edith Posey, Deceased."
In that account, Carrie Weimer, as administratrix of the estate of Edith Posey, deceased, recites that there came into the hands of Edith Posey, as executrix of the estate of Anna Flint, deceased, certain assets, and claims credit for certain funds withdrawn and alleged to have been expended by Edith Posey, the late executrix. John H. Thomas, who claims the entire estate of Anna Flint, deceased, under an alleged contract with Anna Flint, filed objections to the partial account and to hearing on that account until Carrie Weimer, as administratrix of the estate of the late executrix of the will of Anna Flint, deceased, made a full and complete report.
Hearing was had on the partial account and objections thereto. The court found a cash balance of $402.13 chargeable to Edith Posey, as executrix, and her estate (other than the cash balance on deposit in two named banks) and entered a decree for that amount. That decree also requires the return of all household goods, furniture, furnishings, and personal effects, and certain abstracts of title and title deeds not already turned over to H.A. Crowder, administrator de bonis non of the estate of Anna Flint, deceased. Under the provisions of the decree,
". . . the assets and property of which the said Anna Flint, deceased, died seized, are not liable or chargeable for any fees for services of said Edith *Page 357 
Posey, as executrix, or of her attorney, and no fees are allowed for either thereof in this cause."
Carrie Weimer, administratrix of the estate of the late executrix of the will of Anna Flint, deceased, appealed from that decree.
[1] Respondent H.A. Crowder, administrator de bonis non of the estate of Anna Flint, deceased, and respondent John H. Thomas, claimant of the entire estate of Anna Flint, deceased, move dismissal of the appeal on the ground that the appeal bond, which names only John H. Thomas as obligee, is fatally defective in omitting as an obligee in the bond H.A. Crowder, administratorde bonis non of the estate of Anna Flint, deceased.
The statutes (Rem. Rev. Stat., §§ 1719, 1721 [P.C. §§ 7293, 7295]) provide that an appeal in a civil action or proceeding is rendered ineffectual if an appeal bond to the adverse party is not filed within a certain period after notice of appeal is given. The appeal bond must run to all parties whose interests will be affected by a reversal or modification of the judgment or order from which the appeal is taken. Bruhn v. Steffins,66 Wn. 144, 119 P. 29; Stone v. Brakes, Inc., 172 Wn. 644,21 P.2d 524; United Truck Lines v. Department of PublicWorks, 181 Wn. 318, 42 P.2d 1104.
This appeal is prosecuted from a decree entered in a proceeding in which the appellant, as administratrix of the estate of the deceased executrix of the estate of Anna Flint, deceased, claimed credit in a "Partial Account" for certain funds alleged to have been withdrawn from the Flint estate and expended by the late executrix of the Flint estate. Appellant also prayed that payment be made from the funds of the Flint estate for certain other services.
Clearly, the interest of respondent Crowder, as administrator of the estate of Anna Flint, deceased, is *Page 358 
adverse to appellant. He is an "adverse party," under the provisions of the statute (Rem. Rev. Stat., §§ 1719, 1721) which require the appeal bond to run to all parties whose interests will be affected by a reversal or modification of the judgment or order from which the appeal is prosecuted. No bond was filed which will protect respondent administrator, therefore the appeal is ineffectual for any purpose, and respondents' motion must be granted.
The appeal is dismissed.
ALL CONCUR.