[No. 28871.   Department Two.   January 11, 1943.]

R. W. RICHMOND *et al., Respondents,* v. O. K. WILLIAMSON *et al., Appellants.*

MUNICIPAL ASSETS CONSERVATION COMPANY, *Appellant,* v. R. W. RICHMOND *et al., Respondents.*[1]

*Crowe, Stearns & Snyder* and *Harcourt M. Taylor,* for appellants.

*Moulton & Powell,* for respondents.

MILLARD, J.—Cause No. 7084 in the superior court for Benton county was instituted by R. W. Richmond and wife against Horse Heaven Irrigation District, dissolved, the trustees of that district, and Municipal Assets Conservation Company, a domestic corporation

[1]Reported in 132 P. (2d) 1031.

holding legal title to the lands within the dissolved Horse Heaven Irrigation District, to compel specific performance of an alleged oral contract between Municipal Assets Conservation Company and plaintiffs for sale to the latter of certain sections of land within the irrigation district. Subsequently, an amended complaint was filed in which the irrigation district was dropped as a party defendant, because it had been dissolved. Lynn Beightol and wife were joined as parties plaintiff on the ground that they were the holders of contract of purchase from Richmond of the property involved. Defendants answered—at which time the Beightols were in possession of the property in controversy as contract purchasers from the Richmonds—alleging that the Richmonds have no right, title, or interest in and to any of the property in question, except as holdover tenants of the property leased to them by the irrigation district.

After the commencement of cause No. 7084, described above, Municipal Assets Conservation Company instituted, in the superior court for Benton county, cause No. 7100, against R. W. Richmond and wife and Lynn Beightol and wife, in which the plaintiff claimed ownership of the land in controversy and of the crop of wheat grown thereon in the year 1941, which was then being harvested. The plaintiff's prayer was for an order restraining sale by defendants of the wheat and for recovery of damages from each of the defendants, and from the respective marital communities so composed, the sum of one thousand dollars and costs.

An order, reading in part as follows, was entered, consolidating the two causes:

". . . it appearing to the court that in order to expedite the same both causes should be consolidated and heard together and that similar questions of law and of fact are presented in both cases and the court having considered the same and having received the evi-

dence offered by and on behalf of the respective parties and having heard the arguments of counsel and being fully advised in the premises,

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED By the court: that the above entitled causes should be and hereby are consolidated and for all purposes shall be treated and considered as one cause."

Trial of the consolidated causes to the court resulted in the entry of a judgment in favor of the plaintiffs and against the trustees and Municipal Assets Conservation Company in cause No. 7084. By same judgment, cause No. 7100, which had been consolidated by order of court with cause No. 7084, was dismissed.

At the time of entry of the judgment, defendants Williamson, Hamilton, and Weller, as trustees of the dissolved irrigation district, and the Municipal Assets Conservation Company gave notice of appeal in open court.

The Municipal Assets Conservation Company is a domestic corporation, which was organized by the directors of Horse Heaven Irrigation District for the purpose of facilitating the liquidation of the district and distributing the assets to the parties entitled thereto.

Respondents have moved to dismiss the appeal of O. K. Williamson, Paul Hamilton, and Walter Weller, trustees, on the ground that those appellants have not filed an appeal bond. The respondents also move for dismissal of the appeal on the ground that none of the appellants has filed an appeal bond to respondents Lynn Beightol and wife. Respondents move dismissal of appeal of Municipal Assets Conservation Company on the ground that the appeal of the three trustees must be dismissed, and the decree against the trustees then becomes binding upon the corporation and no appeal may be prosecuted therefrom.

Counsel for appellants are correct in the position they take that a proper notice of appeal was given.

Counsel for respondents argue that, as the appeal bond was given by only one of several appellants joining in the notice of appeal, the bond is ineffective for any purpose; that, where one party joins in appeal of another, it is necessary that he give an appeal bond on his own behalf; and that the appeal bond must run to all parties whose interests will be affected by a reversal of the judgment from which the appeal is prosecuted, otherwise the appeal is ineffectual for any purpose.

On this appeal, a supersedeas and cost bond was given by the Municipal Assets Conservation Company, naming R. W. Richmond and wife only as obligees.

In *Stans v. Baitey*, 9 Wash. 115, 37 Pac. 316, we held that parties, joining in an appeal subsequent to the original notice, must file an appeal bond in addition to that filed by the parties first appealing.

In *Hopkins v. Satsop R. Co.*, 18 Wash. 679, 52 Pac. 349, we held that, where the appeal bond required by the statute was given by only one of several defendants, who jointly gave notice of appeal, the appeal is ineffectual as to appellants who did not join in the execution of the bond.

In *Robertson Mortgage Co. v. Thomas*, 63 Wash. 316, 115 Pac. 312, we held that, where appellants who joined in notice of appeal given by other appellants, but gave no bond until after the motion to dismiss had been made and some four months after notice, this was fatal to their appeal; that they could not rely upon the bond as given by the original appellants and should have given a separate bond within the five days required by statute. See, also, *Union Auto Supply Co. v. Enumclaw Transportation Co.*, 124 Wash. 483, 214 Pac. 1044.

In *In re Flint's Estate*, 193 Wash. 355, 75 P. (2d) 935, we held that, unless an appeal bond in a civil action is given to the "adverse" party, the appeal shall be ineffectual for any purpose, under Rem. Rev. Stat., § 1721 [P. C. § 7295], reading as follows:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages . . . be filed with the clerk of the superior court, . . ."

The statutes (Rem. Rev. Stat., §§ 1719-1721 [P. C. §§ 7293-7295]) provide that appeal in a civil action or proceeding is rendered ineffectual if an appeal bond to the *adverse* party is not filed within a certain period after notice of appeal is given. The appeal bond must run to all parties whose interests will be affected by a reversal or modification of the judgment or order from which the appeal is taken. *United Truck Lines v. Department of Public Works*, 181 Wash. 318, 42 P. (2d) 1104; *Bruhn v. Steffins*, 66 Wash. 144, 119 Pac. 29; *Stone v. Brakes, Inc.*, 172 Wash. 644, 21 P. (2d) 524; *In re Michelson*, 8 Wn. (2d) 327, 111 P. (2d) 1011. See, also, *Napier v. Runkel*, 9 Wn. (2d) 246, 114 P. (2d) 534, in which we held that, where two plaintiffs gave separate notices of appeal and one failed to file a cost bond in support of his appeal, such failure is fatal to the separate appeal.

The appeal bond is to protect those interested in the judgment; hence, if the bond is so defective that the interested party can not avail himself of the bond, it is not a bond to the adverse party and the appeal must be dismissed. A bond which runs expressly, as in the case at bar, to one of two parties is not a bond for the benefit of the other. *Bruhn v. Steffins*, 66 Wash. 144, 119 Pac. 29.

It is clear that respondents Beightol are interested in the judgment and would be affected by reversal or modification of the judgment. They are in possession of the property in controversy under contract to purchase from respondents Richmond. They are directly

interested in the decree which dismisses cause No. 7100, for the reason that appellant Municipal Assets Conservation Company alleged in that cause that the Beightols and Richmonds had entered into a collusive and fraudulent agreement to defraud appellant corporation, and that, pursuant to such fraudulent agreement, sold, secreted, and in other ways unknown to the corporation disposed of wheat belonging to the corporation, which prays for an injunction and a money judgment in the amount of one thousand dollars and costs and attorney fees against all four respondents.

If the decree ordering specific performance in cause No. 7084 and dismissal of cause No. 7100 were reversed, respondents Beightol and wife would, in addition to losing the benefit of their contract of purchase, be confronted with the necessity of defending against the claims asserted in cause No. 7100. If the decree is affirmed, the Beightols are entitled to recovery of their costs and disbursements, but they could not possibly recover on the bond, inasmuch as it does not run to them.

Appellants urge that all appellants may join in a single appeal, hence all appellants may join in giving one appeal bond. It should be borne in mind, however, that the one undertaking should be so worded as to cover the appeal as to all of the appellants, and that undertaking should also be so worded that it will afford protection to all of the respondents in the event of the affirmance of the judgment.

Counsel for the respective parties stipulated in open court that the legality of the conveyance by the irrigation district to the Municipal Assets Conservation Company of all the land in the district, before dissolution of the irrigation district, "is not to be raised or passed on in this case, . . ." and that any judgment rendered in favor "of the plaintiff ordering specific performance would be a judgment against both the

Municipal Assets Conservation Corporation and the trustees."

If the appeal is dismissed as to appellant trustees, and if the case is then considered with respect to the rights of the corporation, the court would be called upon to determine the right of the corporation to defeat the decree, without determining whether it had any actual interest in the subject matter. Since the corporation, by the agreement, must perform any decree entered against the trustees, it follows that, if the decree is affirmed as against the trustees, it must be affirmed as against the corporation; therefore, since the appeal of the corporation would thus be ineffective, it should be dismissed.

Counsel for appellants argue, citing as sustaining authority *First Nat. Bank v. Fowler,* 51 Wash. 638, 99 Pac. 1034, that, in consolidated cases, only one notice of appeal and only one bond need be given. The case cited is distinguishable from the case at bar. In the case cited, four actions were consolidated and tried as one cause, although four judgments were entered. In three of the actions, appellants Fowler were the defendants, and they duly filed their notice of appeal and appeal bond. In the fourth action, appellants Fowler were not defendants. The defendant in the fourth action made no appearance, and judgment was entered against it by default. The appellants gave bond running to all respondents.

Counsel for appellants also cite *Westland Publishing Co. v. Royal,* 36 Wash. 399, 78 Pac. 1096, to sustain their position that the bond given by the corporation is sufficient to protect the respondents, as the intention is manifest that the bond was for the protection of the adverse party. In *Westland Publishing Co. v. Royal, supra,* we held that, where the bond was made to the state instead of the adverse party, as required by the statute, but obligated the appellant to pay all costs

awarded against it, and the intent is manifest to execute it for the benefit of the respondents, the appeal will not be dismissed, especially in view of the statute (Session Laws of 1899, Chapter 49) providing that appeals shall not be dismissed for defects in the bond, if upon order the party perfect the appeal. Nineteen years subsequent to *Westland Publishing Co. v. Royal, supra,* we held, in *Sisson v. Harvey,* 123 Wash. 650, 212 Pac. 1052, that an appeal bond which is not given to the adverse party is ineffectual and is not capable of amendment under the statute (Rem. Rev. Stat., § 1730-9 [P. C. § 7297]), which provides that, when a notice of appeal shall have been served and filed in due time, and an appeal bond shall have been given within the time required by law, no appeal shall be dismissed because of any defect in the appeal bond, but the appellant shall in all cases be allowed to give a new bond within such time and upon such terms as the court may order.

In the case at bar, it is not a defect of bond, but a lack of bond. No steps have been taken as yet—the time for correction has long since passed—looking to amendment of the bond.

The appeal is dismissed.

SIMPSON, C. J., ROBINSON, BEALS, and BLAKE, JJ., concur.