[No. 29138.   Department Two.   August 23, 1943.]

D. EDWARDS, *Respondent*, v. I. J. BOUNDS *et al.*,
*Respondents*, WILLIAM STEWARD, *Appellant.*[1]

William Hubbert, Newell J. Banks, and H. Sylvester Garvin, for appellant.

Rigg, Brown & Halvorson, for respondent McDermott.

[1]Reported in 140 P. (2d) 963.

BLAKE, J.—This cause comes up on respondent McDermott's motion to dismiss the appeal upon the ground that appellant failed to file an appeal bond as required by Rem. Rev. Stat., § 1721 [P. C. § 7295], which provides:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the *adverse* party conditioned for the payment of costs and damages as prescribed in section 1722, be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof. . . . " (Italics ours.)

Plaintiff brought the action against Bounds and wife and Steward upon a promissory note executed by the former to the latter—the note having been endorsed and transferred by Steward to plaintiff. Bounds and wife answered, setting up a counterclaim against plaintiff. Steward, answering, set up a counterclaim against plaintiff and one McDermott, who, upon his (Steward's) motion, was brought into the case as a cross-defendant.

Upon the issues presented, judgment was entered, in effect, as follows:

"Now, THEREFORE, it is

"ORDERED, ADJUDGED AND DECREED, that the cross complaint of the defendant William Steward against Maude McDermott be and the same is hereby dismissed and said cross defendant Maude McDermott shall have judgment against the defendant William Steward for her costs and disbursements herein, and it is further

"ORDERED, ADJUDGED AND DECREED, that the cross complaints of the defendants I. J. Bounds and Dorothy C. Bounds against the plaintiff and complaint of plaintiff against said defendants be and the same are hereby dismissed with prejudice, and it is further

"ORDERED, ADJUDGED AND DECREED that the cross complaint of the defendant William Steward against

the plaintiff D. Edwards be and the same is hereby dismissed with prejudice, and it is further

"ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover judgment against the defendant William Steward in the sum of $1103.61, together with interest thereon at the rate of 6% per annum from the 15th day of November, 1938, until paid, which said interest to the date hereof amounts to the sum of $297.00, making an aggregate of principal and interest of the sum of $1400.61, and the further sum of $100.00 as attorney's fees, and his costs and disbursements herein.

"DONE IN OPEN COURT THIS 22nd day of May, 1943."

Steward gave notice of appeal to all parties

"   .  .  . from the Judgment entered in the above entitled action on the 22nd day of May, 1943, in favor of the plaintiff D. Edwards and the Defendants I. J. Bounds and Dorothy C. Bounds, his wife, and the Cross Defendant Maude McDermott, and the whole thereof; .  .  ."

■ Appellant filed a supersedeas and appeal bond, however, which ran only to respondent Edwards as principal. The respondent McDermott has interposed a motion to dismiss the appeal. We think the motion is well taken. We have repeatedly held that, in order to perfect an appeal, the appeal bond must run to all parties whose interests may be adversely affected by a reversal or modification of the judgment. *Bruhn v. Steffins*, 66 Wash. 144, 119 Pac. 29; *Stone v. Brakes, Inc.*, 172 Wash. 644, 21 P. (2d) 524; *United Truck Lines v. Department of Public Works*, 181 Wash. 318, 42 P. (2d) 1104; *In re Flint's Estate*, 193 Wash. 355, 75 P. (2d) 935.

■ That respondent McDermott's interests may be affected by a reversal or modification of the judgment, we think is apparent. That appellant may intend to urge this court to reverse or modify only that portion of the judgment awarding Edwards $1,500.61, is beside the question. Appellant has, by his notice of appeal, challenged the judgment in its entirety. Had he

appealed only from that portion of the judgment awarding Edwards $1,500.61, a different question would be presented. See *Mogelberg v. Calhoun,* 94 Wash. 662, 163 Pac. 29.

Appeal dismissed.

SIMPSON, C. J., BEALS, ROBINSON, and GRADY, JJ., concur.